LUDLOW W. VALENTINE, an Infant, etc., Respondent, *v.* HERMANN T. RICHARDT, Impleaded, etc., Appellant.

A court of equity, having obtained jurisdiction of the parties and the subject-matter of an action, may adapt its relief to the exigencies of the case; it may give to the plaintiff a money judgment simply, when that form of relief becomes necessary in order to prevent a failure of justice, and when it is for any reason impracticable to grant the specific equitable relief demanded.

The complaint herein alleged in substance that C., the mother of plaintiff, who was seized in fee of certain premises, conveyed the same to defendant R., which conveyance was made without consideration, and was induced by fraud and undue influence; that R. conveyed the same to

defendant A., who executed a mortgage thereon to defendant L., and facts were alleged from which it was claimed A. and L. were chargeable with notice of the invalidity of the title of R.; also that C. died intestate, leaving plaintiff her sole heir at law surviving. The relief demanded was that the said conveyances and mortgage be declared void, that the same be surrendered up and cancelled "and for such further and different judgment or relief as may be just." The question as to the fraudulent character of R.'s title were found in favor of plaintiff, but the court found that A. took her deed and L. her mortgage in good faith and for valuable considerations, and the complaint was dismissed as to them. A money judgment was directed against R. for the value of the property at the time of the conveyance to him, with interest thereon from that date with annual rests, he being a trustee *ex maleficio.* *Held,* no error; that the deed to R. being void, the title to the land, as between him and his grantor, remained in the latter and upon her death, descended to the plaintiff and that plaintiff had the right to call upon R. to restore to him the property, but as the fraudulent grantee had by his own act, in conveying the land to a *bona fide* purchaser, prevented the plaintiff from recovering it, equity required that he should restore to the plaintiff its equivalent in money, not as damages, but as a substitute for the land itself; that the court had power to render any judgment consistent with the facts alleged and proved. (Code Civ. Pro. § 1207.)

(Argued March 18, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The complaint in this action alleges in substance that plaintiff is the son and only heir at law of Catharine A. Valentine, who died intestate; that prior to November, 1883, said Catharine A. Valentine was seized in fee of certain premises in the city of Brooklyn; that on June 7, 1886, through the fraud and undue influence of defendant Richardt, she was induced to and did convey said premises to him without consideration; that on October 27, 1886, after said deed had been duly recorded, Richardt conveyed said premises to the defendant Susan A. Austin for $12,000; that said Austin mortgaged said premises to the defendant Elizabeth H. Lunt, to secure a loan

to her of $9,000. Certain facts were alleged from which it was claimed that said Austin and Lunt were chargeable with notice of the fraudulent character of Richardt's title. Plaintiff demanded judgment that the conveyances of June 7, and October 27, 1886, and the mortgage of October 1, 1887, be declared void and delivered up and canceled "for such further or different judgment or relief as may be just, with costs."

The jury to whom the questions were submitted found that said conveyance was obtained by Richardt through fraud and undue influence and without consideration. These findings were approved by the court; it also found that the defendant Austin purchased said premises in good faith, relying upon Richardt's record title and possession, and the defendant Lunt took the $9,000 mortgage on said premises in good faith, relying on the mortgagor's record title and possession. As conclusions of law, the court held that the deed of June 7, 1886, from said Catharine A. Valentine to Richardt was not valid as between the parties, and that he could not convey a good title except to a *bona fide* purchaser or incumbrancer for value and without notice; that the defendants Austin and Lunt were not chargeable with notice of the facts and circumstances, and that the complaint be dismissed as to them upon the merits, but that plaintiff was entitled to judgment against the defendant Richardt for $15,000, the value of the premises, with interest from June 7, 1886, with annual rests, he being a trustee *ex maleficio*.

Judgment was entered accordingly.

*William C. Beecher* for appellant. The judgment for a sum of money against the defendant Richardt is wholly unwarranted under the pleadings. (*Conrow* v. *Little,* 115 N. Y. 387; *Terry* v. *Munger,* 121 id. 161, 167; *Moller* v. *Tuska,* 87 id. 166; *Rodemund* v. *Clarke,* 46 id. 354; *Kinney* v. *Kiernan,* 49 id. 164; *Dunham* v. *Cornell,* 67 id. 556; *Truesdall* v. *Sorles,* 104 id. 164; *Bradley* v. *Aldrich,* 40 id. 504; *Romeyn* v. *Sickles,* 108 id. 650, 652; *Wheelock* v. *Lee,* 74 id. 495, 500; *Stevens* v. *Mayor, etc.,* 84 id. 296–304, 305; *Adams*

v. *Fairchild*, 2 Keyes, 111.) The plaintiff has wholly failed to make out a case of undue influence. (*Aldridge* v: *Aldridge*, 120 N. Y. 614.) The plaintiff's case rests wholly on circumstantial evidence which does not point to defendant's guilt. (*Pollock* v. *Pollock*, 71 N. Y. 137, 141; *Shulty* v. *Hoagland*, 85 id. 464, 467, 472; *Ferguson* v. *Ferguson*, 3 Sandf. 307; *U. F. Co.* v. *Moore*, 18 Abb. [N. C.] 106.) The finding of illicit intercourse is wholly without warrant. (*U. F. Co.* v. *Moore*, 18 Abb. [N. C.] 106, 119.)

*Horace Secor, Jr.*, for respondent. The evidence warrants the findings that the appellant had illicit relations with and exercised complete control over Mrs. Valentine, and that he obtained her house by undue influence and without consideration. (*Allen* v. *Allen*, 101 N. Y. 659; *Reynolds* v. *Root*, 62 id. 250; *Tyler* v. *Gardiner*, 35 id. 594; *Rollwagen* v. *Rollwagen*, 63 id. 519; *Darley* v. *Darley*, 3 Bradf. 481; *Sears* v. *Shafer*, 6 N.Y. 268; *Cowee* v. *Cornell*, 75 id. 99, 100; *Marx* v. *McGlynn*, 88 id. 357, 370, 371; *Fisher* v. *Bishop*, 108 id. 25.) The appellant's exception to the admission in evidence of the papers used upon an application for the appointment of a receiver in an action brought to recover the $10,000 bonds obtained by Richardt from Mrs. Valentine, is untenable. (*Frear* v. *Sweet*, 118 N. Y. 454.) The plaintiff was entitled to a personal judgment against Dr. Richardt, as an equivalent for the land, which the plaintiff was debarred from recovering from the grantee of Dr. Richardt. (*Murtha* v. *Curley*, 90 N. Y. 372; 1 Perry on Trusts, §§ 217–223; *Valentine* v. *Lunt*, 115 N. Y. 501; *Weaver* v. *Bardon*, 49 id. 286; *Van Rensselaer* v. *Van Rensselaer*, 113 id. 208; *Bell* v. *Merrifield*, 109 id. 202.)

O'BRIEN, J. The plaintiff is the infant son and sole heir at law of Catharine A. Valentine, deceased, and by his guardian *ad litem* brought this action to recover certain real estate which was conveyed by his mother in her life-time to the defendant Richardt. The litigation took the form of an action to set aside a deed given by the plaintiff's mother to said Richardt, on the 7th of June, 1886, of the house in which

she then resided in the city of Brooklyn, on the ground that the conveyance was without consideration and was procured from the grantor by fraud and undue influence. This charge presented a question of fact which was tried by the court with the aid of a jury, and the findings are all in favor of the plaintiff. It is expressly found that the conveyance was without any consideration, and that it was procured by fraud and undue influence on the part of the grantee. These findings are conclusive upon us, as they are not without evidence to sustain them. It further appears from the findings that on the 27th of October, 1886, the defendant Richardt conveyed the property to one Susan A. Austin in consideration of $12,000 which was paid, and about a year thereafter she mortgaged the same to Elizabeth H. Lunt to secure the payment of $9,000 which was advanced on the faith of the mortgage. The subsequent grantee and mortgagee above named were made parties to the action, and it was alleged that they took their conveyances, respectively, with notice of the fraudulent character of the deed under which their grantor held. The court found as to them that they took their conveyance respectively in good faith and for a valuable consideration and that the action could not be maintained against them and so far as concerned them dismissed the complaint. The court directed a money judgment against the defendant Richardt for the sum of $20,063.22 that being the value of the property at the time of the conveyance to him with interest thereon from that date with annual rests, he being a trustee *ex maleficio*. The only question of law involved in the case is whether this judgment could properly have been rendered against him upon the findings and pleadings in the case. The relief demanded in the complaint was that the conveyance by plaintiff's mother to Richardt and by him to Mrs. Austin and the mortgage by her to Mrs. Lunt be declared void and canceled and "for such further or different judgment or relief as may be just." The findings below are to the effect that the defendant Richardt having procured the conveyance from the plaintiff's mother by fraud and undue influence and without consideration, conveyed

the property to *bona fide* purchasers who are entitled to hold the same as against the plaintiff, though their grantor is not. The plaintiff could obtain no relief in the action except as heir of his deceased mother from whom the conveyance was obtained. He could not proceed in affirmance of her deed and recover damages on account of the fraud, as such an action could be maintained only by the personal representatives of the defrauded grantor. The principle upon which the judgment rendered in this case must rest is that the deed to the defendant, being void for fraud and undue influence, the title to the land, as between the plaintiff's mother and Richardt, remained in her and descended to the plaintiff at her death. The plaintiff had the right to call upon Richardt to restore to him the property the possession of which had been acquired under a voidable conveyance. But the fraudulent grantee, by his own act in conveying the land to a purchaser in good faith and without notice, has prevented the plaintiff from recovering the land; and, under such circumstances, it is but just and equitable that he should restore to the plaintiff its equivalent in money, not as damages but as a substitute for the land itself. The fraudulent conveyance which the defendant obtained from the owner of the land enabled him to sell it to a purchaser in good faith and the money that he received therefor, with the interest thereon, can, for all the purposes of this case, be considered in equity as the land itself. The court could render any judgment in the case consistent with the facts stated in the complaint and embraced within the issue. (Code, § 1207; *Murtha* v. *Curley*, 90 N.Y. 372.)

It is a familiar principle that a court of equity, having obtained jurisdiction of the parties and the subject-matter of the action, will adapt its relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor when that form of relief becomes necessary in order to prevent a failure of justice and when it is for any reason impracticable to grant the specific relief demanded. (*Murtha* v. *Curley, supra; Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 208, 214; *Bell* v. *Merrifield*, 109 id. 202, 207.)

Had the defendant Richardt retained the property embraced in the deed to him by Mrs. Valentine, he would be required, under the findings in this case, to restore the same to the plaintiff. He conveyed it, however, to a purchaser in good faith, and received its value in money. A court of equity has the power to compel him to pay this money and its accumulations to the plaintiff in place of the land, and to this end a personal judgment was proper.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.