LEWIS *v.* WILSON.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

1. ASSIGNMENT OF LEASE—FRAUDULENT PROCUREMENT—EVIDENCE.

Plaintiff executed an assignment of one-half of a valuable lease for five years to secure a debt to defendant. The same instrument assigned to defendant absolutely the other half of the lease, and one-half of the profits of the business to be conducted on the demised premises, upon no other consideration than defendant's services in procuring the lease. Plaintiff alleged that he executed the assignment without reading it, on the representation of defendant that the assignment was of one-half of the lease only, and that the execution thereof as to the other half was fraudulently procured from him, in which plaintiff was sustained by the affidavit of a witness of the assignment. *Held*, that plaintiff's affidavits and the inadequacy of the consideration of the assignment were sufficient to sustain the continuance of an injunction against a transfer of the assigned lease.

2. SAME—FAILURE TO ALLEGE TENDER—EFFECT.

    The omission of plaintiff to allege in the complaint or affidavits that the debt se-cured by the assignment had been tendered to defendant, or the omission to pay such debt into court, could not affect plaintiff's right to maintain an action to com-pel defendant to accept the amount of his debt, and to prevent him from assigning the lease.

3. INJUNCTION—PRESENT INTENTION OF DEFENDANT.

    The answer of defendant that he has no intention of disposing of the lease did not affect plaintiff's right to the injunction.

    Appeal from special term, New York county.

    Action by Thomas J. Lewis against Samuel Wilson. From an order con-tinuing an injunction, defendant appeals. Affirmed.

    Argued before VAN BRUNT, P. J., and INGRAHAM and DANIELS, JJ.

    *Kohn & Ruck,* (*August Kohn,* of counsel,) for appellant. *David M. Neuberger,* for respondent.

    DANIELS, J. The injunction restrains the defendant from assigning or transferring a lease of premises known as "2220 Fifth Avenue," in the city of New York, and from interfering with or preventing the plaintiff from continuing in the quiet and peaceable possession and occupation of the prem-ises. The lease was made on or about the 30th of March, 1890, to the plain-tiff as lessee; and early in April he executed and delivered an assignment of a one-half interest in the lease to the defendant absolutely, and of the other half as security for the payment of any indebtedness which the plaintiff should owe to the defendant. The absolute assignment of one-half of the lease to the defendant is alleged to have been procured by fraud, and without any understanding on the part of the plaintiff that the assignment contained that provision. So far as the assignment transfers an undivided half of the lease as security to the defendant, it has not been made the subject of complaint. But it is as to the assignment of the other half that the plain-tiff alleges himself to have been fraudulently deceived and overreached; and in his affidavit, as well as that made by Michael Casey, who accompanied him at the time as a friend and adviser, he has stated that the desire of the de-fendant as it was expressed was to obtain no more than an assignment of a half interest in the lease, by way of security for the payment of moneys he might advance and goods he might sell to the plaintiff; and that the assign-ment which was executed was represented to him as extending no further than that; that he did not read it, but subscribed it upon that representa-tion. It is also alleged that there was danger of the defendant's assigning the lease to some other person, and in that way preventing the plaintiff from avoiding his assignment to the defendant; and the principal object of the action was to prevent such an assignment during the pendency of the suit, and to obtain a judgment for the reassignment of the lease to the plaintiff; and to secure that object it has been stated and alleged that the plaintiff ten-dered and offered to pay to the defendant the sum of $2,950 owing to him for money advanced and goods delivered; and that this was refused by the de-fendant, who also refused to reassign the lease to the plaintiff. This state-ment of the plaintiff's case has been controverted by the defendant himself and three other persons, whose affidavits were read upon the motion for the continuance of the injunction. In the affidavit of the defendant it is stated by him that he was to have the absolute assignment of one-half of the lease for his services in its procurement, but the performance of which has been positively denied by the plaintiff. As to the other half, there is no substantial difference between himself and the plaintiff. But it has been stated further by the defendant that he was also to have one-half the prof-its of the business of the plaintiff in lieu of commissions, brokerage, or salary; and the statement of these facts is, in substance, repeated in the affi-davit of Cotton W. Bean, who is the person who drew the assignment, and

in whose presence it was executed. But the force and effect of his affidavit is greatly reduced, even if the affidavit itself should not be wholly excluded from consideration, by the additional circumstance mentioned on behalf of the plaintiff that Mr. Bean was represented to him to be an attorney, and was consulted and employed concerning the assignment in that capacity; and, if he did sustain that relation to the business, it is certainly, to say the least, very doubtful whether his evidence could be added in this manner to that of the defendant, as to these circumstances. As a matter of fact, it appears that he was not an attorney. But where a person may be employed by another, or by others, in that capacity, and upon the understanding that that is the position and office of the person employed, the same disability should be applied to prevent the disclosure of what may have, in that manner, been elicited from either of the parties, as it would be where the individual employed was in fact an attorney at law. At all events, this person was acting in the interest of the defendant in obtaining this assignment, and was identified to that extent with the interests and objects of the defendant. The affidavits of George St. John and William H. Emerson, who were in the employment of the defendant, also tend to confirm his statements concerning the nature of the contract made with the plaintiff, and the extent of that contract. But these statements of what is alleged to have been the agreement are not entirely probable, for there seems to be no good reason for supposing that the plaintiff would have assigned absolutely one-half of this lease to the defendant, as a compensation for his time, trouble, brokerage, and commission in endeavoring to obtain it, and in addition to that give him one-half of the net profits of the business for the same consideration. The interests agreed to be transferred and assigned are disproportioned to the compensation which could properly be claimed for any services performed by the defendant in this respect. There is a striking inadequacy in the consideration mentioned for the concessions alleged to have been made by the plaintiff; and that circumstance has a decided tendency to reduce the credit of the persons making these affidavits. It is not probable for the service alleged to have been performed, but absolutely denied by the plaintiff, that one-half of this lease, which is stated to have been valuable, and for a term of five years, with the privilege of another five, together with half the net profits of the business, would in this manner have been assigned and transferred to the defendant; and, as his position is affected by this degree of improbability, there was sufficient in the case, by way of proof, to sustain the continuance of the injunction; for this court, as a court of equity, under the circumstances disclosed in support of the action, has jurisdiction over it, and to award the relief, if the evidence shall justify the plaintiff's right to it, which has been demanded in the complaint. *Valentine* v. *Richardt*, 126 N. Y. 272, 27 N. E. Rep. 255. The case is not only one where the remedy at law by way of damages would be very likely to prove inadequate, but, in addition to that, it is for the redress of an alleged fraud on the part of the defendant, as well as a mistake on behalf of the plaintiff leading to the execution of this assignment; and that presents a familiar cause of action, within the jurisdiction of a court of equity.

It has not been alleged in the complaint or stated in the affidavits that the sum of money which was tendered to the defendant has been paid into court, as that was required by the regular course of practice. *Halpin* v. *Insurance Co.*, 118 N. Y. 165, 23 N. E. Rep. 482. But the omission of that allegation, or of the payment of the money into court, will not necessarily defeat the right of the plaintiff to maintain the action. The object of the tender was to prevent the future increase of interest, and to charge the defendant with costs. It was not indispensable that the money should be paid into court to entitle the plaintiff to succeed in the suit. He may, on account of the failure to pay the money into court, be charged with interest from the

time of the tender, as well as with the costs of the action, if that in the end shall be determined to be just and equitable. But he will still be allowed to maintain it, in case the proof concerning the facts shall substantially sustain them, as they have been charged and alleged. As the case now appears, the order was justifiable, although the defendant has denied any intention on his part to dispose of this lease. That does not absolutely answer the application, for while he may, at the present time, have no such disposition, a change in this respect may take place producing such action hereafter, which would have the effect of defeating the plaintiff's right to relief, even though the facts would justify the suit so far as it stands against the defendant. The order should be affirmed, with $10 costs and the disbursements. All concur.