CLARA FAIROHILD, Appellant, v. LUCY ANN MCMAHON,
Respondent.

A false statement deliberately made by a party when about to sell prop-
erty, to the party proposing to purchase, as to the price which he paid
for it shortly before to a former owner, which was intended to and did
influence the purchaser, is a sufficient basis upon which to predicate a
finding of fraud.
All persons who act for or in the name of the owner in bringing about the
transaction must be deemed his agents where he accepts the fruits of
their efforts, and all the methods employed by them are imputable to
him; he may not even, though innocent, receive and recover upon a
security given on the sale and at the same time disclaim responsibility
for the fraud by means of which the purchaser was induced to
deliver it.

(Argued June 15, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the
Supreme Court in the second judicial department, entered
upon an order made July 22, 1892, which affirmed a judg-
ment in favor of defendant entered upon a decision of the
court on trial at Special Term.

This action was brought for the foreclosure of a mortgage.
The facts, so far as material, are stated in the opinion.

*Payson Merrill* for appellant. Even if Benner made false
and fraudulent statements as to the price paid for the
Brooklyn house, Yoran is not liable for them. (*Higgins* v.
*Moore*, 34 N. Y. 366; Story on Const. [9th ed.] § 28; *Rowe* v.
*Stevens*, 3 J. & S. 189; *Coleman* v. *Garriques*, 18 Barb. 67;
*Glentworth* v. *Luther*, 21 id. 146; *Emerson* v. *Roof*, 13 Abb.
[N. C.] 358; *Dean* v. *S. T. Co.*, 47 Hun, 319; *Pringle* v.
*Spaulding*, 53 Barb. 17; *Haydock* v. *Stow*, 40 N. Y. 363;
*Force* v. *Dutcher*, 20 N. J. Eq. 236; *Mayer* v. *Dean*, 115 N.
Y. 556; *C. N. Bank* v. *Dun*, 51 Fed. Rep. 160.)

*Denis McMahon* for respondent. No question of law
arises on this appeal from the determination of the Gen-

eral Term. (*Berdell* v. *Allen*, 116 N. Y. 661; *Healey* v. *Clark*, 120 id. 642; 23 Wend. 260.) A vendor of land is not liable for an expression of an opinion of its value, but he is for a false representation as to its location. So he is also liable for a misrepresentation as to the cost of the land. (*In re Van Epps*, 5 Hill, 70; 1 Den. 246; 25 N. Y. 309, 310; 30 id. 669, 670; 69 id. 326; 3 Lans. 7, 194; 1 Hun, 83; *Seymour* v. *Delancy*, 3 Cow. 445; *Simon* v. *Canady*, 53 N. Y. 298; *Ellis* v. *Andrews*, 56 id. 83; *Chrystee* v. *Canady*, 90 id. 272.) Yoran had the benefit of Benner's falsehood, and is chargeable with the responsibility thereof. (*King* v. *Fitch*, 3 Abb. Ct. App. Dec. 508; *Krum* v. *Beach*, 96 N. Y. 398.) This being an equity suit brought to foreclose a mortgage, the rule in equity cases as to exceptions to evidence prevails. (*C. F. J. Co.* v. *Mason*, 7 Daly, 64; Code Civ. Pro. § 1003; *Church* v. *Kidd*, 3 Hun, 254; *Marvin* v. *Marvin*, 11 Abb. [N. S.] 102; *Keller* v. *Payne*, 34 Hun, 167; *Jones* v. *Jones*, 120 N. Y. 589; *People* v. *Clark*, 4 N. Y. Cr. Rep. 572; *Berdell* v. *Allen*, 27 N. Y. S. R. 659; 116 N. Y. 661; *Healey* v. *Clark*, 120 id. 642.) The General Term would not have been warranted in reversing upon the sole ground that in its opinion the trial court should have reached a different conclusion upon conflicting evidence. To justify a reversal it must appear that the findings of fact were against the weight of evidence, or that the proofs so clearly predominated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusion. (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Baird* v. *Mayor, etc.*, 96 id. 567; *Marvin* v. *Marvin*, 11 Abb. [N. S.] 102.)

O'BRIEN, J. The plaintiff sought to foreclose a mortgage assigned to her, before the commencement of the action, executed and delivered by the defendant, upon certain real estate of which she was the owner, subject to other mortgage liens, and bearing date April 30th, 1890, for $1,500, payable one year from date, with semi-annual interest. The mortgage was given to one Joseph H. Cain, with whom the negotiations

and transactions which resulted in its execution and delivery were had, or with agents acting for him or in his interest. The defense is fraud practiced upon the defendant, by means of which she was induced to make and deliver the mortgage and the accompanying bond. The facts to sustain this defense are stated with considerable detail, the substance of which, in brief, is as follows :

On the 9th of April, prior to the execution of the mortgage, the defendant, through her husband acting for her, entered into an agreement with Cain to exchange real estate. Each owned a house and lot incumbered by mortgage, the equity of redemption in which was to be conveyed to the other, and the agreement was actually carried out by the execution and delivery of proper conveyances. The mortgage in question was executed and delivered in pursuance of this agreement. It is alleged in substance that one Yoran, the plaintiff's son, was the principal actor in the transaction and the real party to be benefited. That though the record title to the real estate to be conveyed to the defendant was in Cain, yet his title was nominal, as his name was simply used by Yoran in the purchase of the property and in the negotiations for its sale to the defendant and in the conveyance. It is then charged in substance that Yoran, Cain and their broker, and another broker employed by and acting for the defendant's husband, her agent, conspired together to cheat and defraud the defendant by false and fraudulent representations concerning the value and condition of the house which the defendant by the agreement was to receive in exchange for her property and which she subsequently conveyed, and that, in reliance upon the truth of the statements, she, through her husband, entered into and executed the agreement and made the exchange. It is further averred that upon discovery of the fraud the defendant offered to rescind the whole transaction. The courts below have sustained the defense, and the charges of fraud and other facts alleged by the defendant are found by the learned trial judge to be substantially true. The testimony upon the issues of fact was very conflicting, but

after considering it with all the circumstances we are unable to say that any of the findings, material to the defense, and challenged by exception, are without support and, therefore, feel concluded by them as to the facts.

There are one or two questions of law, however, that should be noticed. One of the false representations made by Yoran and his broker to the defendant's husband, as appeared from the findings, which was relied upon, and which influenced her action in making the exchange and giving the bond and mortgage in suit, and upon which the finding of fraud is based, was that the house and lot transferred to the defendant in the exchange, was worth $15,000. That Cain had just purchased it at the price of $12,000, from the executors of the deceased owners, who were compelled to sell at a price below the real value, and that such was the consideration expressed in the deed to him from the executors, as would appear from the record in the county clerk's office.

It is further found that the defendant's husband, before entering into the transaction, did examine the deed in the clerk's office under which Cain took the title, and that it appeared from the same, that the consideration was $12,000, and that the defendant and her husband believed the statement. That while it was true that the consideration stated in the deed was $12,000, it was not true that the real consideration paid was that sum, but, on the contrary, the fact was that about twenty-four days before the transaction, Yoran had purchased the property for $7,000, which was its true value, and had taken the deed in the name of Cain, expressing a fictitious consideration, for the purpose of deceiving investors, and that the defendant had procured the consideration to be falsely stated in the deed. This finding raises the question whether a false statement, deliberately made, by a party about to sell property, to the party about to purchase it, with respect to the price which he had paid for it to a former owner, is a sufficient basis upon which to predicate a finding of fraud, when the statement is relied upon by the party to whom made.

It has been held that a false statement by a vendor to

a vendee concerning the value of property about to be sold, will not sustain an action for fraud, but the vendee in such cases must rely on his own judgment. (*Ellis* v. *Andrews*, 56 N. Y. 83.)

It may be that the rule in such cases would be different if the purchaser was prevented by any act or artifice of the seller from exercising his judgment in ascertaining the value.

But the question here is not one arising out of a representation as to value. The representation was with respect to a fact which might, in the ordinary course of business, influence the action and control the judgment of the purchaser, namely, the price paid for the property about to be sold by the vendor, within less than a month prior to the transaction; and so, we think, that a false statement with respect to the price paid under such circumstances, which is intended to influence the purchaser, and does influence him, constitutes a sufficient basis for a finding of fraud.

It was so held in *Sandford* v. *Handy* (23 Wend. 260), where a new trial was granted to the plaintiff in an action of this character, on the ground that proof of such representations was improperly excluded at the trial. Ch. J. NELSON, delivering the opinion of the court (p. 269), said:

"I am also inclined to think that any misrepresentation as to the *actual cost of the property* is a material fact, and naturally calculated to mislead the purchaser. * * * Misrepresentation as to the cost of an article stands somewhat on the same footing. It is a material fact, which not only tends to enchance the value, but gives to it a firmness and effect beyond the force of mere opinion.

"The vendor is not bound to speak on the subject, but if he does, I think, *he should speak the truth.*"

The same principle received the sanction of the court in *Van Epps* v. *Harrison* (5 Hill, 63), and is apparently recognized in *Smith* v. *Countryman* (30 N. Y. 655), *Hammond* v. *Pennock* (61 id. 151), and *Goldenbergh* v. *Hoffman* (69 id. 326).

There is another question in the case as to how far these statements as to the cost of the property made by a broker

employed by Yoran can bind the plaintiff or Cain, her assignor
But it sufficiently appears that Yoran used Cain's name in the
transactions with his consent, and that he also employed the
broker to sell the property or negotiate the agreement for an
exchange. All persons who acted for or in the name of Cain,
or with his consent, in bringing about the transaction must
now be deemed to be his agents, and as he accepted the fruits
of their efforts in this regard and took the title to the bond
and mortgage, which was a part of the result of their negotia-
tions, and transferred them to the plaintiff, all the methods
employed by either Yoran or his broker to procure the agree-
ment for an exchange and the mortgage in suit are imputable
to the person in whose name they acted, and who voluntarily
received the securities thus procured. He could not, even
though innocent, receive a mortgage thus procured, and at the
same time disclaim responsibility for the fraud by means of
which the defendant was induced to deliver it. (*Krumm* v.
*Beach*, 96 N. Y. 398.) The findings imply that the broker
was the general agent of Cain, and as such his statements
bound his principal, and those findings are sustained by the
evidence.

The plaintiff took no other or different title to the bond and
mortgage than Cain had. The record discloses no estoppel
or other principle of equity which can protect the plaintiff
against any defense which might have been urged if the
securities had remained in the hands of the original parties.

We have examined the other exceptions in the case, and as
they do not present any question requiring discussion or any
error that affects the judgment it should be affirmed, with
costs.

All concur.

Judgment affirmed.