WELLER v. BARTLETT et al.

(Supreme Court, Special Term, Madison County. November 8, 1894.)

RESCISSION OF CONTRACTS—FALSE REPRESENTATIONS—INTENT TO DEFRAUD.

An equitable action may be maintained to rescind a contract, on the ground that it was induced by false representations made by defendant, and relied on by plaintiff, though defendant had no fraudulent intent in making such representations.

Action by John Weller against Dolly N. Bartlett and Howard G. Bartlett. Judgment for plaintiff.

Stephen M. Wing, for plaintiff.
John E. Smith, for defendant Dolly N. Bartlett.
L. M. Martin, for defendant Howard G. Bartlett.

FORBES, J. This action was brought for the rescission of an executory contract for the sale of a farm, situate in the town of Fenner, in this county. The farm was composed of three pieces of land, 30 acres and a swamp lot of which were separate from the main farm. Upon the wood lot and the 30 acres there were no buildings. They were principally used for pasturage and timber. The negotiations which led to the consummation of the contract between the plaintiff and Dolly N. Bartlett were made by her son Howard G. Bartlett, the other defendant, as her agent, and the plaintiff. Certain representations were made by each of these defendants with reference to the quality of the soil of the whole premises, and the extent of timber upon the wood lot. Certain other representations were made with reference to the crops raised, the number of cows, and the quantity of stock actually kept upon said premises, and to the manner in which said lands and premises were watered. The complaint, upon its face, seems to set forth a cause of action in active fraud. Both the complaint and the reply allege that the contract was induced by false and fraudulent representations made by each of these defendants, with knowledge of the fraud and with an intent to deceive and defraud the plaintiff. The complaint also avers that the

representations thus made were believed by the plaintiff,—relied upon by him; that those representations induced him to enter into said contract; and that he sustained damages. Upon the trial of the action the court became satisfied that certain material representations, greatly affecting the value of the premises, were made by each of these defendants, and that those representations induced the plaintiff to enter into said contract; but the court was also convinced, from the evidence upon the trial, that those representations were not made with full knowledge of all of the facts represented, and that there was no fraudulent intent, on the part of either of these defendants, to cheat or defraud the plaintiff, to such an extent that the court would be warranted in setting aside the contract made between the plaintiff and Dolly N. Bartlett for an active, intentional fraud. Yet the court is satisfied, from all of the evidence in the case, that a legal fraud was perpetrated by the defendant Dolly N. Bartlett and her son Howard G. Bartlett, acting as her agent, in so far that certain false representations were made with reference to several material facts, and that those representations induced the plaintiff to enter into the contract which is the subject of this investigation.

The question arises, under the complaint in this action, whether the relief sought to be obtained can be obtained by the plaintiff under his pleadings as they now stand. The court is fully satisfied that this action cannot be maintained against Howard G. Bartlett, and as to him the complaint must be dismissed. The contract upon which the plaintiff relies was not made with the defendant Howard G. Bartlett, but was undertaken solely and entered into between the plaintiff and Dolly N. Bartlett; and the plaintiff must be charged with knowledge of that fact, because it stands as an admission in his complaint, a copy of the contract being annexed to said complaint, and forming a part thereof, showing upon its face that the written contract, for the rescission of which this action is brought, was made between the plaintiff and Dolly N. Bartlett; and the evidence upon the trial satisfies the court that the other defendant, Howard G. Bartlett, was only acting as the agent for his mother, Dolly N. Bartlett, and that all of the moneys which were paid to him by the plaintiff were actually paid over to his mother, the other defendant, before the commencement of this action, and that Howard G. Bartlett derived no personal benefit or advantage from the contract so made. This action was tried and submitted upon the theory that it is an action in equity, and an equitable defense is set up in the answer. Had the objection been made at the commencement of the trial that the action was an action at law, and not an action in equity, it is possible that this court might have been prepared to take a different view of the case. Lough v. Outerbridge, 143 N. Y. 271, 38 N. E. 292. The question now arises whether the relief demanded in the complaint can now be granted to the plaintiff, notwithstanding that the proof, under the complaint, satisfies the court that an active and intentional fraud was not committed by the defendant contracting. The court having acquired jurisdiction of the subject-matter of the action and of the parties thereto in equity, may not the court grant such relief as the very

justice of the case requires? Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255; O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371. There are three theories upon which an action of this character can be maintained, provided the proof satisfies the court that the plaintiff ought to recover: First. The plaintiff might have brought his action in fraud, rescinding the contract made by restoring to the defendant, as far as possible, whatever advantage he has received under the contract. Second. The plaintiff could have maintained an action of fraud for the false and fraudulent representations made by the defendant to the plaintiff; provided, however, that other necessary and relevant facts were pleaded and shown, thus affirming the contract of sale, and recovering such damages as he sustained by reason of the fraud perpetrated by the defendant upon the plaintiff. Third. The plaintiff could maintain an action for rescinding the contract, by either returning or offering to return, or by expressing a willingness in his pleadings, and upon the trial of the action, to restore, to the defendant whatever he had received under the contract. Allerton v. Allerton, 50 N. Y. 670; Hammond v. Pennock, 61 N. Y. 145; Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123. In the case at bar the plaintiff sought to rescind by restoring possession of the premises to the defendant before the action was commenced, and now seeks to recover, as damages, the amount paid upon the contract, with interest thereon, and compensation for the trouble and expense to which he was put in moving upon, and off from, the premises which he has thus yielded to the defendant. A subsequent action was brought by Dolly N. Bartlett against John Weller, the present plaintiff, and Elizabeth Weller, his wife, in equity, for the foreclosure of the contract set out in the plaintiff's complaint in this action. Both actions were tried at the same sitting, before this court, and an affirmative judgment is sought in the second action for the relief demanded in that complaint, while the answer in the second action sets out, practically, all of the facts pleaded by the complaint in the first action, as a defense to the second. Under the belief that a great wrong has been done the present plaintiff, John Weller, the court feels bound to adjust these actions to the extent of relieving the parties from the contract made for the sale and conveyance of said real estate, upon the theory that, the contract being executory in its nature, any fraud perpetrated, whether active and intentional, or passive and legal, in its nature, ought not to be enforced in equity. Belknap v. Sealey, 14 N. Y. 143; Hammond v. Pennock, 61 N. Y. 145; Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255; Oakes v. De Lancey, 133 N. Y. 227, 30 N. E. 974; Fairchild v. McMahon, 139 N. Y. 290, 34 N. E. 779.

In the case of Hammond v. Pennock, supra, the commission of appeals held:

"It seems that an equitable action to rescind a contract may be based upon the misrepresentation or suppression, by the defendant, of a material fact, without proof of an intent upon his part to defraud."

This case affirms the same case decided in the Fourth department, reported in 5 Lans. 358, and is again followed in the case of Knapp

v. Fowler, 30 Hun, 516, in this department.    Smith, P. J., writing
the opinion, says:

"These views do not conflict with any adjudged case to which our attention
has been called.   Most of the cases cited by the appellant's counsel are actions
at law in which it was held that, under a complaint in tort, the plaintiff
could not recover on contract, or vice versa.   Those cases have no application
to the case in hand."

That was an action brought to rescind a conveyance of real estate.
In that case, at the close of the evidence, the complaint being sim-
ilar, I assume, in form, to the one at bar, a motion was made to amend
the complaint to conform to the proofs as made; and several cases
were cited confirming the power of the court, in cases of this charac-
ter, to grant the relief asked for under the proofs made upon the
trial.    The doctrine held must be founded upon the theory that a
statement, false as to any material fact, when that statement is in-
tended to and does influence the purchaser, and is deliberately made
by one party who is about to sell property to another, is a sufficient
basis upon which to predicate a finding of fraud.    This applies wheth-
er the statements are made by the owner or by his agent.    Fairchild
v. McMahon, 139 N. Y. 290, 34 N. E. 779.    The same doctrine is held
in cases of Berry v. Insurance Co., 132 N. Y. 49, 30 N. E. 254; Kley
v. Healy, 127 N. Y. 555, 28 N. E. 593; Vail v. Reynolds, 118 N. Y.
297, 23 N. E. 301.    The plaintiff must therefore be relieved from his
contract, and the same must be declared rescinded and set aside;
and, upon the evidence in this case, the plaintiff must be permitted
to recover from the defendant Dolly N. Bartlett, as actual damages—
First. The sum of $500, the amount which plaintiff paid and advanced
upon said contract, with the interest thereon from the time of the re-
scission of the contract and the plaintiff's offer to restore to the de-
fendant the possession of said premises.    Second. The plaintiff's ac-
tual expenses for moving upon said premises, which are hereby fixed
at $50; but, as the plaintiff has had the benefit of the use of the
premises for the year during which he occupied them, and has appro-
priated all of the crops raised thereon to his own use, he must, in
equity, be charged with the fair rental value of the premises during
his term of occupation, which is also fixed at the sum of $200; and
this amount is to be deducted from the sum of the purchase money
paid, and interest thereon, and the damages for moving awarded to
him herein, besides the costs of this action against Dolly N. Bartlett,
and costs must also be awarded against the plaintiff in behalf of How-
ard G. Bartlett, the other defendant in this action.    If I am correct
in the conclusions at which I have arrived, the complaint in the second
action, to foreclose the contract, made a part of the complaint herein,
that action must also be dismissed, but, under the circumstances of
this case, without costs to either party against the other.    Judgment
may be entered in each accordingly, and a decision may be drawn con-
taining findings of fact and conclusions of law, in pursuance of this
memorandum of opinion.