(14 Misc. Rep. 520.)

FORSTER et al. v. WILSHUSEN.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

1. RESCISSION OF CONTRACTS—INNOCENT MISREPRESENTATIONS.
     Actual fraud is not necessary to support an action for rescission of a contract; innocent misrepresentation is sufficient.

2. FRAUD—FALSE STATEMENTS.
     A false statement of a material fact, with the intent and effect of deceiving, is actual fraud.

3. PRINCIPAL AND AGENT—FRAUD OF AGENT.
     The misrepresentation of an agent to sell is the misrepresentation of the seller, and where the seller receives and retains a benefit from the sale his innocence of the fraud is ineffectual to exonerate him from liability for the fraud.

(Syllabus by the Court.)

Appeal from equity term.

Action by Emil Forster and another against John Wilshusen to rescind a contract for the purchase of real property on the ground of fraudulent misrepresentations as to the amount of rentals and

to recover payment under the contract. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

George F. Langbein, for appellant.

Edward F. Hassey, for respondents.

PRYOR, J. Upon evidence clearly sufficient to sustain his conclusions, the learned trial judge found that, by his agent, the defendant, with intent to deceive the plaintiffs, made representations as to the rentals of the property; that those representations were untrue, and material in inducing the plaintiffs to purchase; and that with due diligence, after discovery of the fraud, plaintiffs demanded a rescission of the contract, and the return of the money paid upon it. These facts, by all authorities, suffice to support the action; and we should not be justified, on a mere conflict of evidence, in reversing the judgment. Baird v. Mayor, etc., 96 N. Y. 567; Westerlo v. De Witt, 36 N. Y. 340; Krumm v. Beach, 96 N. Y. 399; Hammond v. Pennock, 61 N. Y. 145; Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301; Griffing v. Diller (Sup.) 21 N. Y. Supp. 407; Fairchild v. McMahon, 139 N. Y. 290, 34 N. E. 779.

It is objected that the plaintiffs had an adequate remedy at law, but the defense was not pleaded (Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541); and to cancel the contract the interposition of equity was requisite (Gould v. Bank, 86 N. Y. 75; Bosley v. Machine Co., 123 N. Y. 550, 25 N. E. 990).

It is also urged that the plaintiffs made no effort to ascertain from tenants the actual rent, to which the answer is that the defendant diverted them from such inquiry; that they had a right to rely on the mere statement of the broker (Mead v. Bunn, 32 N. Y. 275; Schwenck v. Naylor [N. Y. App.] 7 N. E. 788); and that want of diligence in discovering the fraud is not sufficient to deprive a party of his right to rescind a fraudulent contract (Baker v. Lever, 67 N. Y. 304, 309). Nor, were the point before us, would an attempt by plaintiffs to resell the property defeat their claim to a rescission. Kountze v. Helmuth, 140 N. Y. 432, 35 N. E. 656.

It is said, again, that an actual fraud on the part of the broker was not shown. The trial judge finds that he made the misrepresentation with intent to deceive, and surely this is the legal equivalent of actual fraud. Kley v. Healy, 127 N. Y. 555, 561, 28 N. E. 593. Moreover, "a mistake or innocent misrepresentation" was enough for rescission of the contract. Kountze v. Kennedy, 147 N. Y. 124, 129, 41 N. E. 414; Crowe v. Lewin, 95 N. Y. 423.

The objection that the defendant is not responsible for the misstatement of the broker is obviously untenable. Defendant's agent in the sale of the property, his misrepresentation was the defendant's misrepresentation. Fairchild v. McMahon, 139 N. Y. 290, 295, 34 N. E. 779. A further contention is that plaintiffs did not rely solely on the broker's statement, but also upon the defendant's misrepresentation. If this be the fact, of what avail to the defend-

ant?  Reliance upon his own statement as well as his broker's only aggravates the deception practiced on plaintiffs.  It was sufficient, however, that the misrepresentation of the broker was one, though not the sole, inducing cause.  Kley v. Healy, 127 N. Y. 561, 28 N. E. 593.

Adverting to the alleged errors in evidence to which due objection and exception were taken, we find none; at all events, none of prejudice to the defendant.  The supposed errors specially indicated are either untenable or innocuous.  Plaintiffs' reliance on the misrepresentation was of the essence of the action, and they were peculiarly competent to prove it.  Improvement Co. v. Chapman, 118 N. Y. 288, 23 N. E. 787;  King v. Fitch, *40 N. Y. 432, 449.  Proof that plaintiffs were instructed by their attorney to ascertain the amount of rent was probably immaterial, but it was certainly harmless.  Proof that the defendant never employed the broker to sell the property was rightly rejected, because contrary to an admission in the answer.  Proof that the defendant never authorized his broker to make the misrepresentation was irrelevant, because, nevertheless, the defendant was responsible for the misrepresentation.  Krumm v. Beach, 96 N. Y. 398, 405.  Defendant insists that the number of children borne by a witness was a circumstance affecting her credibility, but we own an inability to apprehend the alleged relation between the two facts.  The cause was well tried, and correctly determined.

Judgment affirmed, with costs.    All concur.