BISCHOFF, J.
—The plaintiffs sued for, and have obtained, .a recovery of a sum of money paid by them to the defendant, the action proceeding upon allegations of fraud and deceit in inducing the payment, under a state of facts disclosed by the record, as follows : In the month of October, 1895, the plaintiffs, & firm in business at Grand Rapids, Mich., received a circular *797 letter from the firm of E. & H. Adams, a milling concern,, soliciting orders for mosquito netting, and, in response to this, they sent an order for a certain quantity of the goods, the-transaction, thus far, being had directly with the Adams firm. Some weeks later (the goods not as yet having been delivered), the plaintiff received a bill for the amount of the purchase price in the name of the defendant as creditor, who was-therein described as “ sole agent for mosquito netting manufactured by E. & II. Adams, Andrew McLean & Co., James Thompson & Co.” Stamped upon the face of this bill were the words “ Delivered by E. & H. Adams,” and “ These goods-shipped by E. & H. Adams; all orders to be sent direct to 16 Greene St.,” New York.” In the course of business between the defendant and the Adams firm, the former furnished the-latter with his bill heads, to be filled up and sent to purchasers ; and the bill received by the plaintiffs upon one of such bill heads was prepared and sent, not by the defendant, but-by the Adams firm. Persuaded by the bill that the goods had been actually shipped to the defendant subject to their orders, the plaintiffs remitted to the defendant in payment, and, upon, the failure of the Adams firm to deliver the goods, this action was brought. The theory of the action was that the defendant, in the sale of the goods, acted as principal, and that in the sending of the bill, stamped as above set forth, the Adams firm acted as his agent, for whose misrepresentations he was answerable. Testimony tending to show that the goods were never shipped by the Adams firm was left wholly unchallenged, and from further testimony it appeared that the defendant, upon receipt of the plaintiffs’ remittance, paid the amount to-the Adams firm, receiving from the latter a commission for' the sale.
. We are of the opinion that the facts in evidence sustained the action, and that the plaintiffs’ recovery is unassailable. At the top of the bill rendered, and in evidence, appear the words, “ Trankla, Jamieson & Co., Grand Ea-pids, Mich., to Andrew McLean, Dr.,” followed in the next two succeeding lines by “ Sole Agent for Mosquito Netting Manufactured by E. & li. Adams,” etc. These words fairly imported a representation that the defendant, as the only dealer therein, was engaged in the sale of mosquito netting manufactured by the Adams firm, for his own account, and that, for the goods ordered by them, the plaintiffs would be indebted to the defendant, not to the Adams firm. That the Adams firm sent their circulars to the trade, urging orders for mosquito netting to be sent to it direct, and at a place other than the defendant’s-address, as stated in the bill, did not necessarily conflict with such representation, and could consistently have been regarded as an effort by the Adams firm to promote the sale of its product by the defendant. The like request, stamped upon the bill, to send orders to the Adams firm direct, reasonably, also, imported the defendant’s approval of that method of. *798 transacting business. Whatever, therefore, the actual relations of the defendant to the Adams firm may have been, the proof in the instance of the sale before us is that the plaintiffs dealt with the defendant as principal, and not as the agent of the Adams firm; and having, by means of the ‘representation that the sale was made for his account, induced the plaintiffs to part with their money to him, the defendant wa,s thereafter estopped from asserting that the remittance was to him as an agent merely of the Adams firm. His authorization of the representation was apparent from the fact that he furnished the bill head containing it for use by the Adams firm in preparing 'and sending the bill to the plaintiffs.
That the representations which were stamped upon the bill with regard to the actual shipment and delivery of the goods ordered by the plaintiffs were false was not disputed by the defendant, and that they were made by the Adams firm with intent to deceive was inferable from the fact that the substance of the representations" related to matter which must be assumed to have been within such firm’s knowledge. Bennett v. Judson, 21 N. Y. 238; Morgan v. Skiddy, 62 N. Y. 319. Neither could it avail the defendant that such representations were not made with his actual knowledge, or that he did not specifically authorize them to be made. In furnishing his bill heads for use by the Adams firm, in his business, he constituted such firm his agent in the preparation and sending of the bill to the plaintiffs. The representations were made in the course of such business, and were within the scope of such agency. He therefore was as actually bound by the representations as if he had made them in person. 1 Am. & Eng. Enc. Law (2d ed.) 1158, etc. The defendant could not avail himself of his agent’s fraud without assuming to be responsible therefor. Elwell v. Chamberlain, 4 Bosw. 320, 31 N. Y. 611, 619. And, failing of restitution to the plaintiffs, he was answerable to them in an action for damages for fraud and deceit. Bank v. Dun, 51 Fed. 160; Reynolds v. Witte, 36 Am. Rep. 678; Barwick v. Bank, L. R. 2 Exch. 259 ; Fishkill Sav. Inst. v. National Bank of Fishkill, 80 N. Y. 162, 167. In an action of deceit, whether against a person or a company, the fraud of the agent may be treated for the purposes of pleading, as the fraud of the principal. Mackay v. Bank, L. R. 5 P. C. 394.
The testimony of the plaintiffs’ witness, Charles Tranlda, himself one of the plaintiffs, that he relied upon the truth of these representations contained in the bill, was competent. Forster v. Wilshusen, 14 Misc. Rep. 520, 522; 70 S. R. 701; Smith v. Countryman, 30 N. Y. 655 ; White v. Dodds, 42 Barb. 554; Ely v. Paclden, 13 N. Y. St. Rep. 53. And with regard to the iuture testimony of the same witness that “ in each instance the bills for the goods ordered were rendered to the plaintiffs by the defendant, not as agent, but as principal,” it is to be said that the witness may be fairly understood to have alluded rather to the form of the bills rendered to the *799 plaintiffs, upon the occasions of former purchases, than to the defendant’s relation to the Adams firm. In that sense the testimony did not involve a legal conclusion, as urged by the counsellor the appellant. The point made on this appeal that the testimony was evidence of a secondary nature was not raised on the trial by merely placing the objection to its admission on the ground of incompetency. The testimony “ was not in its essential nature incompetent,” and the objection “ did not call the attention of the court to the point that further proof was insisted upon as necessary before the question could be properly answered.” Stouter v. Railway Co. 127 N. Y. 661; 38 S. R. 162. Hon constat that, if the specified objection had been made, the plaintiffs could not nave produced the bills, or shown their loss or destruction, in either of which events the testimony as to their contents was admissible.
The judgment should be affirmed, with costs.
All concur.