WILLIAM H. MELLON et al., Respondents, *v.* HAROLD Y. BEEBE et al., Appellants.

Third Department, November 10, 1948.

*Leon M. Layden* for appellants.

*Wyman S. Bascom* for respondents.

HILL, P. J.   Respondents, husband and wife, conveyed to the appellants Beebe, husband and wife, about two hundred forty-seven acres of land obtained by the grantors from one Burgess, and appellants Beebe conveyed the premises to the Barbers, husband, wife and son, the wife being the sister of Beebe.   The court has found that Beebe acted as agent for the Barbers in purchasing the premises and that he knew at the time of the conveyance to him that respondents had agreed to sell about twenty-five acres of the land obtained from Burgess, known as the Gilmore meadow, to Frank Moore, and that its inclusion in the deed to him was a mistake on the part of the respondent, and further as found by the trial court, Beebe " fraudulently remained silent when plaintiff Mellon inadvertently failed to instruct said attorney to except said Gilmore Meadow from said deed ".   Mellon conveyed the premises to Beebe in June, 1944, and the following month he conveyed to his relatives the Barbers. About a year earlier respondent had agreed to sell the Gilmore meadow to Moore for $1,250, all of which had been paid except

$392 before the deed was given to Beebe. Moore held written receipts for the amounts paid and was in actual possession.

The evidence of disinterested witnesses is undisputed that both Beebe and Barber knew of the Moore transaction and the younger Barber had gone over the Gilmore meadow premises with Moore fixing the lines and corners and had erected a fence to permit cattle to be grazed on the Barber property. A deed had been prepared and shown by Mellon to Moore, who requested that the name of his wife be included as a grantee. This was done by Mellon who then requested a notary to stop at his home and take the acknowledgment of himself and wife, but the deed had not been delivered to Moore.

Appellants cite section 259 of the Real Property Law and argue that as the deed had not been delivered to Moore the contract for the sale of the Gilmore meadow is void, and that the conveyance of the entire property to Beebe is a binding and valid transaction. We do not determine the validity of the attempted transfer by Mellon to Moore, but only the former's intention and understanding as to the amount of land he conveyed to Beebe and the knowledge by the appellants of the intended reservation of the Gilmore meadow.

The judgment of the trial court should be affirmed, with costs. (*Amend* v. *Hurley*, 293 N. Y. 587; *Hart* v. *Blabey*, 287 N. Y. 257; *Fairchild* v. *McMahon*, 139 N. Y. 290; *Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182, 189; *Phelan* v. *Brady*, 119 N. Y. 587; *Welles* v. *Yates*, 44 N. Y. 525.)

Judgment should be affirmed, with costs and disbursements to respondents.

HEFFERNAN, BREWSTER, FOSTER and RUSSELL, JJ., concur.

Judgment affirmed, with costs and disbursements to respondents.