### COOPER v. FRENCH.

1. **Pleading:** PARAGRAPH: LEGAL CONCLUSION.   A paragraph in a petition in equity which states only legal conclusions may be stricken out on motion, though the facts upon which such conclusions are based are averred in other paragraphs of the same pleading.

2. **Judicial Sale:** LEGALITY: FAILURE TO MAKE RETURN.   The failure of an officer to make return of a sale of land on execution until after the expiration of the year for redemption would not render the sale invalid.

3. ——: ——: FRAUDULENT AGREEMENT.   The fact that such failure was the result of a fraudulent agreement made between the officer and the purchaser at the time of the sale would not affect the validity of the sale, but would at most only operate to extend the time for redemption.

*Appeal from Montgomery District Court.*

#### MONDAY, DECEMBER 8.

ACTION in equity to set aside a sheriff's deed.   The plaintiff was the owner of the premises in question, and had executed a mortgage thereon to the defendant's intestate.   The defendant foreclosed the mortgage and caused an execution to be issued and placed in the hands of the sheriff, who advertised the property and made a return of sale, and at the expiration of one year from the time of sale, as stated in the return, executed a deed to the defendant as purchaser.

The questions in the case arise upon sustaining the defendant's motion to strike out a portion of the petition, and upon sustaining the defendant's demurrer to the remainder of the petition.   Judgment being rendered for the defendant, the plaintiff appeals.

*J. H. Keatley,* for appellant.

*Miller & Bartholomew,* for appellee.

ADAMS, J.—I.   The plaintiff averred in the seventh paragraph of his petition that "there was no such sale of the property as the law provides, and that there was no compliance with the law after the property was offered for sale."   The defendant moved to strike

1. PLEADING: paragraph: legal conclusion.

out the paragraph on the ground that it averred only a con clusion of law. The motion was sustained, and the plaintiff excepted. He insists that the paragraph should be taken with other paragraphs which he claims contain averments of facts showing in what the illegality of the sale consisted. What-ever is numbered as a distinct paragraph should contain some-thing more than a mere conclusion of law based upon state-ments of facts contained in some other paragraph. We think the court did not err in sustaining the motion.

II. The plaintiff averred in substance in the twelfth para-graph of his petition that no return of the sale was made by the sheriff until the expiration of the year of re-demption. The defendant moved to strike out the paragraph on the ground that the same was immaterial. In support of this allegation, and in resistance to the motion, the plaintiff insists that he was entitled to know, from a return properly made out, not only the fact that a sale had been made, but the time when it was made.

2. JUDICIAL sale; legality: failure to make return.

If the sale had been legally made, it would not become illegal and void by the failure of the officer to make a return of the sale during the year of redemption. Such failure would indeed be an irregularity, and if the execution debtor was injured by it, the officer might, perhaps, be liable to him in damages. The mere failure could not, we think, have any other effect. If the return was purposely withheld by collu-sion with the execution creditor, and with intent to keep the execution debtor from redeeming, it might have the effect to give him a right to redeem after the year had expired. *Ham-mersham v. Fairall*, 44 Iowa, 462. But this action is not brought to redeem. In our opinion the court did not err.

III. The petition avers in substance that nothing was paid by the defendant as purchaser at the execution sale, and that it was fraudulently agreed between him and the officer at the time of the sale that nothing should be paid, and that the return should be withheld until the time of redemption should expire, and that it was thus with-held. The defendant demurred upon the ground that the

3. ——: ——: fraudulent agreement.

petition did not state facts sufficient to entitle him to relief. The court sustained the demurrer, and the plaintiff excepted.

It is not claimed that the plaintiff has not been credited with the full amount of the sale and as of the proper date. This is all that he is entitled to in that respect.

As to the agreement alleged to have been made at the time of the sale that no return should be made until redemption should expire, we have to say that such agreement, pertaining merely to proceedings subsequent to the sale, could not affect the sale, but only at most the plaintiff's right of redemption. The demurrer, we think, was properly sustained. Some other errors are assigned, but they are covered, we think, by the views which we have expressed.

AFFIRMED.