MUSSER & PORTER v. MAYNARD ET AL.

1. **Sheriff**: FAILURE TO RETURN EXECUTION: LIABILITY FOR.  An
action cannot be maintained against a sheriff for a failure to return an
execution within the seventy days allowed by statute, without alleging
and proving that the plaintiff in execution was injured by the neglect,
the extent of such injury being the measure of recovery.

*Appeal from Cedar District Court.*

MONDAY, DECEMBER 13.

ON the 6th day of June, 1877, the plaintiffs recovered a
judgment of $279.38, in the Johnson District Court, against
Theodore Pearson and Alexander Pearson, who were residents
of Cedar county.  The judgment drew interest at the rate of
ten per cent per annum.  August 16, 1877, plaintiffs caused
an execution to issue upon said judgment to the sheriff of
Cedar county.  The execution was received by A. B. May-
nard, one of the defendants herein, who was then sheriff of
said county, on the 21st day of August, 1877.  August 17,
1878, the execution was returned with nothing made thereon.

This action was commenced September 28, 1878, to recover
of the said sheriff and the sureties on his bond the amount
of the said judgment, interest and costs.  It is claimed that
the defendants in execution at the time the execution was re-
ceived by Maynard, and afterwards, had a large amount of
personal property in Cedar county liable to execution, and
enough to have satisfied said execution, and that said May-
nard neglected to levy upon and sell said property, and
suffered the same to be disposed of by said Pearsons, who
have since removed from the State, and are insolvent.  It is
also claimed that the said sheriff and his sureties are liable to
the plaintiffs for the full amount of the said judgment, inter-
est and costs, for failing to return said execution in seventy
days from its receipt by defendant Maynard.

Issue having been taken upon the allegations of the peti-

tion, there was a trial by the court and a judgment was rendered for the plaintiffs for the full amount of the judgment, interest and costs in question.    Defendants appeal.

*Wolf & Landt* and *Piatt & Carr*, for appellants.

*Baker & Ball*, for appellees.

ROTHROCK, J.—I.   The first question presented in argument is whether the defendant is liable in damages by reason

1. SHERIFF: failure to return execution : liability for.

of his neglect to return the execution to the office of the clerk of the Johnson District Court.   Section 3037 of the Code provides that "every officer to whose hands an execution may legally come shall give a receipt therefor if required, stating the hour when the same was received, and shall make sufficient return thereof, together with the money collected, on or before the seventieth day from such delivery."

It will be observed that this statute does not provide that the sheriff shall be liable to an action for a mere failure to return the writ.   We think whether he is so liable must depend upon the fact that the plaintiffs were injured by the delay in returning the writ.   If by reason of the delay, the plaintiffs were in any manner prejudiced, or hindered, prevented or delayed in the collection of their judgment, it is probable an action would lie.   In *Cone v. Magee*, 8 Barr., 240, it was held that a sheriff was not liable to an action for merely omitting to make a return until after the return day. In *Kidder v. Baker*, 18 Vermont, 454, it was held that where neither the body nor property of a debtor is within the bailiwick of a sheriff and he neglects to return the execution within its life with his return of *non est inventus*, he is liable to the creditor for actual damages only, and the sheriff may show that plaintiff has not been damnified.   On the other hand, in *Goodwin v. Willard*, 5 Met., 517, it was held that an officer was liable to an action for neglecting to return an execution within the proper time, although the judgment

creditor suffers no injury by such neglect. In *Ledyard v. Jones*, 7 N. Y., 550, it was held that in an action against a sheriff for neglecting to return an execution the measure of damages is the amount of the judgment upon which the execution issued, and that it was not necessary for the plaintiff to allege or prove special damages, but that the sheriff might show in mitigation of damages that the defendant in the execution had no property upon which he could have levied. See, also, to the same effect, *The Bank of Rome v. Curtis*, 1 Hill, 275, and *Pardee v. Robertson*, 6 Hill, 550. But in New York it appears that the statute which required the return to be made within a certain time also provided that " for any violation of this provision, such sheriff or other officer shall be liable to an action at the suit of any party aggrieved." 2 Revised Statutes, 358, § 80. This provision expressly authorizes the action. We have no corresponding provision in the statutes of this State. Our attention is called to section 674 of the Code, by which public officers are required to give a bond, conditioned that they will faithfully perform all the duties required of them by law, and also to section 2552, which provides that suit may be brought upon the bond by any one who has sustained an injury in consequence of a breach thereof. It is claimed that these provisions are substantially the same as the statute of New York. But it will be seen that the very section of the New York statute which requires the execution to be returned within a certain time, expressly gives the right of action, while in our statute the right arises from mere inference. We do not think it was intended that a plaintiff should have a right of action for a mere neglect to return the writ without more. If no injury resulted from the act, the plaintiffs are not within the statute.

It will be seen from the foregoing authorities, and others that might be cited, that there is a conflict in the adjudicated cases upon this question. But we think an examination of the cases will show that when liability is held to attach for

mere neglect to return the writ, within the time fixed by law, the statute itself gives the right of action, or by the law in force the body of the defendant is liable to be seized in execution and imprisoned.   We are clearly of the opinion that under our statute the action should not be maintained without alleging and proving that the plaintiff in execution was injured by the neglect to return the writ.   The plaintiffs in the case at bar so understood the law at the trial in the court below.   They pleaded that the defendants in execution had property sufficient to satisfy the same, and upon that question they took the burden of proof.

II.   We will now proceed to inquire whether the judgment of the court below can be sustained upon the evidence as to the neglect of the sheriff to levy upon and sell certain property of the defendants in execution.

The judgment against the sheriff and his sureties in the court below was for $321.92, being the full amount of the original judgment, interest and costs.   It is conclusively shown that one of the defendants had no property liable to execution.   All he had was mortgaged to other parties before the defendant herein received the execution.   It appears that the defendants in execution owned a threshing-machine jointly, and, as we understand the evidence, one of them had mortgaged his interest to other parties.   It seems that the interest of the other was afterwards sold by him for $25.   It is urged that the sheriff should have levied upon the one-half interest in the threshing-machine, and some growing corn which one of the defendants cultivated as a tenant upon the farm of one Heppenstall upon the shares.   But there is no evidence in the record before us tending to show what the value of the growing corn was.   It is true there is evidence showing the value of corn per bushel in that neighborhood in November after the execution was issued, and after the crops of that year had matured, but that evidence does not take into account the fact that this corn, when it is claimed the levy and sale should have been made, was unripe and im-

mature, and the cost of harvesting, the share of the landlord, the quantity which was exempt from execution and to be set apart to the defendant in execution. In short, we can find no basis upon which the amount of the judgment was arrived at, and conclude that the court below must have found the defendants liable for the full amount for merely neglecting to return the execution. Under these circumstances we must reverse the judgment and remand the cause for a new trial upon the question whether the defendants in execution, or either of them, had property liable to be seized in execution which the sheriff should have, by the exercise of reasonable diligence, discovered, levied upon, and sold. Until that is shown, and it is further made to appear what the value of such property was, no judgment should be rendered for the plaintiffs.

                                                                REVERSED.

### ON REHEARING.

ROTHROCK, J.—Appellees have filed a petition for rehearing in this case, which we will briefly notice.

1st. It is contended that in an action against the sheriff for failure to return an execution, such failure to return makes the sheriff *prima facie* liable for the debt, and the burden of proof is on the sheriff to show affirmatively that there was not sufficient property of the defendants in execution to satisfy the writ. It is correct that the foregoing opinion does not determine the question upon which party rests the burden of proof. That question was not determined because the case did not require its determination. The plaintiffs voluntarily assumed the burden of proof in the court below. They introduced about all the evidence that was introduced as to the property and its value. In considering the evidence as fixing the rights of the parties this court cannot be guided by the source from which the evidence emanates.

2nd. As to the sufficiency of the evidence upon the value of the property we desire to add nothing to the opinion. The petition for rehearing will be overruled.