# THE STATE OF IOWA,

DES MOINES, JUNE TERM, A. D. 1882.

IN THE THIRTY-SIXTH YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
" JAMES G. DAY,
" JAMES H. ROTHROCK,  } JUDGES.
" JOSEPH M. BECK,
" AUSTIN ADAMS,

---

MUSSER & PORTER v. MAYNARD ET AL.

1. **Practice:** JURY BOUND BY INSTRUCTIONS OF COURT. The instructions to the jury constitute the law of the case, and must be followed by the jury, whether right or wrong.

*Appeal from Cedar District Court.*

WEDNESDAY, JUNE 14.

ACTION at law upon a sheriff's official bond to recover damages for an alleged failure to make the money on a certain execution, issued upon a judgment in favor of plaintiffs

and against Theodore Pearson and Alexander Pearson. There was a trial by jury, which resulted in a verdict and judgment for defendants. Plaintiffs appeal.

*Baker & Ball* and *John N. Neiman*, for appellants.

*Wolf & Landt* and *Piatt & Carr*, for appellees.

ROTHROCK, J.—This is the second appeal in this case. See 55 Iowa, 197. Upon the last trial it appeared that the sheriff received the execution in question on the 21st day of August, 1877. He stated in his testimony as a witness that on the 24th day of the same month he made a levy on certain growing corn, the property of Theodore Pearson, subject to a mortgage which was represented to be upon it, and subject to what he (Pearson) claimed was exempt from execution for his stock and family. This corn was cultivated by Pearson upon the farm of one Heppenstall, and the evidence shows that Pearson was not in possession of the farm, but that it was in possession of Heppenstall, who was entitled to one-third of the corn as rent. The court in the fifth instruction to the jury directed them in substance that if there was any more corn than was exempt from execution it was subject to be levied on and sold to satisfy judgments against the owner, "and it was the duty of the sheriff in the exercise of diligence to levy on and sell said property, and if he failed to exercise such reasonable diligence as heretofore set forth, he is liable" and the verdict should be for the plaintiffs.

"2. If you find from the evidence that the defendant, A. B. Maynard, then sheriff, did on the 24th day of August, 1877, make a levy under the execution then in his hands in the case of *Musser & Porter v. Theodore and Alexander Pearson*, on the interest of Theodore Pearson in the field of corn on George Heppenstall's farm, and afterwards neglected to sell said property, and apply the proceeds upon his execution, but negligently suffered it to be disposed of by the defendants and other parties for other purposes, then you are

instructed that defendant is liable to plaintiffs for the value of Theodore Pearson's share of said corn, less the amount of his exemption."

If the jury had followed these instructions of the court, they could not have done otherwise than render a verdict for plaintiffs.

All the evidence shows that there was more corn in the field than what was exempt. The jury were told that Pearson's interest, not exempt, was subject to the levy of an execution and that it was the duty of the sheriff to make the levy, and they were further told that if he did make the levy, and negligently suffered his levy to be lost by allowing the property to be disposed of to others, he was liable.

We have no occasion to determine the correctness of these instructions. We are not called upon to decide whether, or not, the sheriff was bound to levy upon the corn, if the jury should find he received such notice, that it was covered by a chattel mortgage as to deter him in the exercise of reasonable diligence from making the levy; nor the effect of a levy subject to a chattel mortgage; nor the right of the sheriff to abandon the levy if he afterwards, as a prudent person, believed it would be unavailing; nor as to his right to make the levy and sell the corn while growing and in the possession of Heppenstall, the owner of an undivided one-third thereof.

The door to all these inquiries is closed by the above instructions. It is not our province in the present *status* of the case to determine the correctness of these instructions. They should have been followed by the jury. It has been repeatedly held by this court, that the instructions to the jury constitute the law of the case, and must be followed by the jury, whether right or wrong. *Savery v. Busick*, 11 Iowa, 487; *Farley, Norris & Co. v. Budd*, 14 Iowa, 289, *et seq.; Taylor v. Cook*, Id., 501, and other cases.

The verdict of the jury should have been set aside as contrary to the instructions of the court.

REVERSED.