JOHN RODGERS, Appellant, v. FARMERS' NATIONAL BANK, Appellee.

Granting New Trial: *Review on appeal.* Where, in an action to compel surrender of a note which plaintiff claims has been paid, there is a square conflict in the testimony, so that the determination of the case turns on the credibility to be attached to the testimony of several witnesses, and the trial court in its discretion has granted a new trial after verdict, the order should not be reversed, especially when the jury, after several hour's deliberation, had asked the court "if they could agree to disagree," and he simply answered "No", which might have been construed that they would not be discharged until they agreed.

*Appeal from Mitchell District Court.*—HON. J. F. CLYDE, Judge.

FRIDAY, OCTOBER 10, 1902.

ACTION to recover possession of a certain promissory note executed by plaintiff to defendant. It is alleged in the petition that the indebtedness, as evidence of which the note was given, had been fully paid; that notwithstanding such fact, the defendant bank refused to surrender possession of the note on demand. The bank admitted the execution and its possession of the note, but denied payment of the same. There was a trial to a jury and verdict for plaintiff. On motion of defendant the verdict was set aside and a new trial ordered. Plaintiff appeals.— *Affirmed.*

*G. E. Marsh* for appellant.

*Eaton & Salisbury* for appellee.

BISHOP, J.—It is admitted that appellant, a farmer living near Osage, while having no funds in the bank of

appellee, made arrangements that a check to be executed in his name by his daughter, Mrs. Morse, living in Osage, should be honored by the bank upon presentation; the appellant to execute a note thereafter to cover the amount of such check. A check for the sum of $160.25 was drawn accordingly by Mrs. Morse, and paid by the bank upon presentation by her. A few days later appellant appeared at the bank and executed and delivered the note in suit, being for the sum of $160.25, payable on demand. Appellant did not take up the check at the time of the execution of the note, and it appears that the check and note were pinned together by some officer of the bank, and placed among other similar papers held by it. It is contended by appellant that later on he sent to Mrs. Morse, by the hand of his son, $150 in money, to be applied by her in part payment of said note, and this is not disputed by appellee. Mrs. Morse testifies that she took the identical money thus sent her, and, adding to it $10.50 of her own money, went to the bank, and paid the same to the assistant cashier; saying she had "come in to take up that paper that I gave the other day." She says the money was accepted, and the check she had executed was unpinned from another paper, and handed her. She says she did not know the character of such other paper, and was not aware that her father had given a note to the bank. On the other hand, the assistant cashier testifies that he has no recollection of the money being paid, or of the presence of Mrs. Morse in the bank. The books of the bank were produced to show that no entry of the receipt of such money was ever made. The president of the bank testifies that he was in the bank when Mrs. Morse came in, and asked for the check she had executed, whereupon he unpinned it from the note given by appellant, and handed it to her; that no money was paid by her to the bank at the time on account thereof. Other circumstances are shown by the evidence, and relied upon by the parties in support of their several contentions.

A determination of the case, however, must depend upon the degree of credibility to be attached to the testimony of Mrs. Morse on the one hand, and the officers of the bank on the other. This certainly was a question for the jury. But the verdict of a jury, even upon a question properly submitted to it, may be set aside by the court in the exercise of a sound discretion, where in the opinion of the court it does not reflect the real merits of the controversy. Another fact occuring upon the trial that should be considered in this connection is that, after several hours of deliberation, the jury sent in to the court by a bailiff the following question in writing, and signed by the foreman, "Can we, under the instructions given by the court, agree to disagree? The court answered the question by writing the word "No" on the same paper, immediately following such question, and the paper was then returned to the jury. The giving of such instruction was urged as a ground for a new trial. In support thereof the affidavits of two jurors were presented, reciting that they were misled in that while they believed defendant was entitled to a verdict yet they construed the instruction complained of to mean that a verdict must be reached before the jury could be discharged, and accordingly they had consented to the verdict as rendered. On motion the court below, following the well-established principle that the affidavit of a juror cannot be received to impeach a verdict, struck such affidavits from the files. But the fact of the giving of such instruction, and the probable effect thereof, may have been taken into consideration very properly by the court, in connection with the other facts in the case, in determining the question whether the verdict should be allowed to stand. Abstractly and technically speaking, the instruction complained of correctly stated a proposition of law involved in the trial of causes by jury. But it would have been better to have gone further than by a mere mono-

syllable in the way of advising the jury of its duty in the premises. We cannot say but that this view entered into the ruling upon the motion for new trial. It is well-settled doctrine that this court will not interfere with a ruling upon a motion for a new trial unless an abuse of discretion is shown, and where a new trial is ordered the abuse must be made to clearly appear. Considering the whole record, and having in mind that the court below had all the witnesses and all the circumstances of the case before it, we cannot say there was a clear abuse of discretion in holding that the controversy between these parties should be submitted to another jury before the entry of final judgment, and in so ordering.—AFFIRMED.