P. J. HAMILL, Appellee v. JOSEPH SCHLITZ BREWING Co.,
Appellant.

Intoxicating liquor: NEW TRIAL: VERDICT AGAINST WEIGHT OF EVI-
DENCE. A new trial was rightly granted of an action to recover
the price paid for several shipments of beer, where the verdict
was for the defendant and the decided weight of the evidence
showed that one of the sales was completed in this State and a
specific sum was paid therefor.

Instructions: REVIEW. One who requests an instruction submitting
an issue cannot complain of the finding on that question on
appeal.

New trial: ERRONEOUS INSTRUCTIONS. Where there is evidence which
would justify a verdict for part of the claim sued on, an instruc-
tion that plaintiff can recover all or nothing is erroneous, and will
authorize the granting of a new trial.

Motion for judgment. Where the plaintiff's right of recovery except
as to one item of his claim is a question for the jury, a motion
for judgment for the entire amount claimed should be denied.

Same. A motion for judgment on the record after the jury has found
generally and specially for the other party and has been dis-
charged, and after the moving party has been granted a new trial,
should be denied.

*Appeal from Carroll District Court.*— HON. Z. A. CHURCH,
Judge.

THURSDAY, APRIL 9, 1908.

ACTION to recover the purchase price of certain beer
paid by plaintiff to defendant, which beer it is claimed was
sold by defendant to plaintiff in violation of law. There
was a trial to a jury resulting in a verdict for defendant.
Upon plaintiff's motion the verdict was set aside and a new
trial awarded. Plaintiff also moved for a judgment upon
the record, including the testimony, adduced, and this was
overruled.` Both parties appeal; but, as defendant first

perfected its appeal, it will be called " appellant."—*Affirmed.*

*Dawley, Hubbard & Wheeler, Miller, Noyes & Miller,* and *M. W. Brush,* for appellant.

*Geo. W. Bowen* and *Salinger & Korte,* for appellee.

Deemer, J.— Defendant's appeal is from the order granting a new trial, and plaintiff's from the ruling denying his motion for judgment. We shall first consider defendant's appeal. Plaintiff claimed that he purchased a large amount of intoxicating liquor, to-wit, beer, from the defendant in this State, that said liquor was sold contrary to law, and that he had paid defendant therefor; and he asked judgment for the amount of money paid under a statute of this State authorizing recovery of all moneys paid for liquors sold in violation of law as for money had and received to defendant's use. Defendant denied that it sold any liquors to plaintiff in this State, and claimed that all sales were made in the State of Wisconsin, and were legal and valid. The case was submitted to a jury on these issues, resulting in a verdict for defendant. Plaintiff thereupon filed a motion for a new trial, based on seven grounds. This motion was sustained generally, and exception taken by defendant. While it does not clearly appear when the verdict was returned, it was certainly not later than November 3, 1905, for the jury was then discharged, and plaintiff filed his motion on that day. On November 4th plaintiff filed his motion for judgment, and on November 6th he filed an amendment thereto, in which he asked judgment against defendant for the full amount claimed, on the theory that under the undisputed testimony introduced upon the trial he was entitled thereto as a matter of law.

The grounds of the motion for a new trial were the usual ones — that the verdict was contrary to the evidence and to the instructions, that the answers to certain special

interrogatories were the result of passion and prejudice, and that the general verdict resulted therefrom. A claimed error in the introduction of evidence was also relied upon, and it was also contended that the court erred in its instructions. The special interrogatories referred to, and the answers thereto, were as follows: " Did defendant approve of the verbal agreement which Campbell made with Hamill, and did it make the sales to plaintiff by reason of and under what Campbell had verbally agreed to do and had done under the verbal agreement? " to which the jury made the following answer: " No." " Was the beer sold in Wisconsin or in Iowa? " to which the jury made the following answer: " Wisconsin." " Did the defendant waive its right to cash payment? " to which the jury made the following answer: " Yes." The trial court submitted the case to the jury upon the following propositions: " The dispute between the plaintiff and defendant has been so narrowed as that there is nothing for you to consider, except the following matters: First. Was the beer which defendant sold to plaintiff sold in Iowa or Wisconsin? Second. Was Campbell authorized by defendant to make a sale of beer to plaintiff and to make a verbal agreement with plaintiff that defendant was to sell and plaintiff to buy beer at $5.70 a barrel and $2.75 a case; that such purchase should be for cash; that payment for such beer should be made at Carroll; and that such beer should remain the property of plaintiff until such time as defendant paid for such beer at Carroll, and paid for it in full? Third. Did defendant waive the agreement that the sales should be cash sales or for cash? " Among others the trial court gave the following instructions: " If defendant sold under an agreement that the sales should be cash sales, did not deliver the beer in Wisconsin, and did not waive its right to demand cash before delivery of the beer, and delivered the beer in Iowa, your verdict should be for the plaintiff. If defendant did deliver the beer in Wisconsin, and did waive cash payment, your verdict must be for the

defendant. But this is not so, and defendant is not entitled to your verdict, even if the beer was delivered in Wisconsin and cash payment waived, if you also find that Campbell was authorized to make the said verbal agreement with Hamill. Ordinarily, when parties agree that a sale shall be for cash, it amounts to an agreement that the title to the property sold shall not leave the seller, and the property shall belong to the seller until the money is paid, and such agreement stands unless waived. By waiver is meant that a person for whose benefit a condition is put into an agreement may by writing, speech, acts, or conduct give up and release such beneficial condition. But you are instructed that the fact, standing alone, that defendant shipped the beer to plaintiff, will not amount to a waiver by defendant of its right to demand cash payment before delivery."

As the instructions were not excepted to by defendant, and cannot be complained of by it, they must be treated as stating the law of the case so far as defendant is concerned, and the correctness of the ruling on the motion for a new trial must be determined from a perusal of the testimony. It must be remembered that the trial court had a large discretion in passing upon the motion for a new trial, and that appellate courts are much more reluctant to interfere when a new trial is granted than when it is denied.

Appellant contends that the verdict is correct, and that the trial court was in error in setting it aside, while appellee insists that as to one — the initial purchase if no other,— the verdict is incorrect and was properly set aside. Without setting forth the testimony bearing upon this proposition, it is enough to say that the trial court did not abuse its discretion in setting aside the verdict for the defendant. The trial court may very well have found that, according to the decided weight of the testimony, the first sale of beer was made and the beer paid for in Iowa; the amount of the payment being $377.30. This beer was purchased

1. INTOXICATING LIQUORS: new trial: verdict against weight of evidence.

February 13th, and was paid for to defendant's agent February 27, 1902; the sale and the payment being made in this State. Thereafter, and on the 3d day of March, 1902, the following written agreement was entered into between the parties:

The undersigned P. J. Hamill, of the city of Carroll, State of Iowa, herein designated as purchaser, and the Jos. Schlitz Brewing Company, of Milwaukee, Wis., hereby agree as follows: Said purchaser agrees to purchase and handle exclusively, subject to the rules and regulations printed on the back hereof, the beer of the Jos. Schlitz Brewing Company, during the period from February 13, 1902, to February 13, 1904, at the following prices: $5.70 f. o. b. Milwaukee keg; $2.75 f. o. b. Milwaukee case. Rebate of 25 cents per barrel for cash; $75 allowed per year for ice at the rate of $7.50 per car — and pay for the same in the following manner: Cash. All payments to be made at the office of the said Jos. Schlitz Brewing Company in the city of Milwaukee, State of Wisconsin. The Jos. Schlitz Brewing Company reserves the right to terminate this agreement at any time during the term aforesaid, if the purchaser shall fail to pay at maturity, or for any other cause satisfactory to it. Icehouse to be put in perfect condition to receive beer at once. P. J. Hamill. Recommended by G. H. Campbell, Special Agent Jos. Schlitz Brewing Co. Not valid, until countersigned and sealed at the general office in Milwaukee. Countersigned and sealed and delivered at Milwaukee, March 3, 1902. Jos. Schlitz Brewing Company, by W. M.

Upon the back of this instrument was printed the following "Rules and Regulations":

No one can bind this company or contract any debt on its behalf, unless a general officer of the company, or specially authorized by resolution of the board of directors. No order or agreement for the purchase of beer will be considered as binding upon this company until received and accepted at the general office in Milwaukee. All sales of beer, however ordered, delivered, or paid for, are understood and agreed to be made and fully consummated in Milwaukee,

Wis. All shipments will be made f. o. b. Milwaukee, and are at the risk of the purchaser from the moment when delivery is made to a regular common carrier.

Sustaining our conclusion that there was no error in setting aside the verdict upon the grounds already suggested, see *Wertham v. R. R.*, 128 Iowa, 135, and *Rodgers v. Bank*, 117 Iowa, 513.

At defendant's request the trial court instructed that it was a question for the jury to determine as to where the title to the beer purchased under the written instruments above set out passed, and that this depended upon the intention of the parties. The verdict might have been either way upon this question, and that it was submitted in the first instance to the jury cannot be made ground for complaint by defendant. If the case depended alone upon the sales and payments after the first one of the series, the question presented by defendant might be more serious. We are not disposed to say at this time that the verdict was wrong upon that issue, and we are not in view of defendant's requests for instructions justified in declaring that, under the evidence as applied to the law as we understand it, independent of defendant's requests, there should have been a verdict for defendant as to all except the first sale. Upon that question we are foreclosed. The instructions were not excepted to by defendant, and had they been we could not on this appeal determine the correctness thereof save as challenged by the plaintiff. *Engs v. Priest*, 65 Iowa, 232, and cases hitherto cited; *Davis v. R. R.*, 83 Iowa, 745; *Musser v. Maynard*, 59 Iowa, 11; *Fisk v. R. R.*, 83 Iowa, 256.

2. INSTRUCTIONS: review.

There was an error in the instructions given of which plaintiff makes complaint, and which we think was sufficient to justify the action of the trial court in setting aside the verdict. It is this: The court instructed that plaintiff was entitled

3. NEW TRIAL: erroneous instructions.

to the whole amount claimed by him or to nothing. In view of the testimony as to the first sale, it is manifest that the case should have been so submitted as that plaintiff might have recovered for part of the amount claimed by him, although he failed as to the remainder. This was sufficient in itself to justify the trial court in granting the new trial. Having found that the new trial was properly granted, there is no occasion to consider other matters argued by defendant as to the law of the case, and to its right to a verdict as to some of the items which were disallowed by the jury. This is largely a moot question for reasons already suggested.

II. As to plaintiff's appeal the case is peculiar. His motion for a verdict was filed after the jury had been discharged, and after he had filed his motion for a new trial. In the motion plaintiff asked judgment upon the entire record, including the testimony, for the full amount of money paid by plaintiff to defendant for the liquors purchased. This was on the theory that under the undisputed testimony as applied to the instructions plaintiff was entitled to a judgment for that amount. As to all sales except the first we have no doubt whatever that the most plaintiff can claim is that he had a question for the jury. This being true, his motion was properly overruled. As he did ask judgment for the amount of the payment under the first sale, but insisted upon a judgment for the entire amount paid, the trial court did not err in overruling the motion.

4. MOTION FOR JUDGMENT.

Aside from this, however, there is no authority or warrant in law for such a motion as plaintiff filed. The special findings made by the jury were in accord with the general verdict, and were entirely inconsistent with plaintiff's right to recover. These as well as the general verdict must be entirely disregarded in order that plaintiff's motion for judgment may be sustained. With these out of the case, we have simply the pleadings and

5. SAME.

the evidence introduced on a trial before a jury, which was found to be a mistrial, upon which to find that the trial court was in error in not granting plaintiff a judgment for the amount of the first payment. We know of no rule which authorizes such a procedure. The case stood with the verdict set aside, and a new trial ordered as if it had never been tried. The testimony was taken for that trial, and not in view of a motion after the verdict had been set aside and a new trial awarded for a judgment upon the testimony adduced at that trial. The case was as if it had never been tried with the testimony taken and probably made of record for proper purposes, but not for a judgment thereon upon the pleadings and the evidence after the verdict had been set aside. Had we recognized in this State what was known to the old practice as demurrers to evidence, which we have not done save by analogy in passing upon motions to direct a verdict, it would appear that the function of such a pleading or procedure is to withdraw a case on trial from the consideration of a jury and present it to the court for the purpose of obtaining the judgment of the court as to their legal sufficiency to establish plaintiff's claim against the defendant. 6 Ency. of P. & P. 439, 440, and cases cited. The motion we are now considering was in no sense a demurrer to the evidence. The plaintiff was and is now insisting that upon the pleadings and the testimony introduced upon a trial before a jury, which was judicially determined to be a mistrial, he is entitled to a verdict for some part or all of his claim, although he inferentially admitted during the trial that the whole matter was a jury question. There seems to be no authority whatever for plaintiff's position that he is entitled to have judgment on such a motion as he filed for the whole or any part of his claim. The trial court correctly overruled his motion.

It follows that there was no error in the proceedings of which either party may justly complain, and the rulings and

orders entered by the trial court must be, and they are each and all, *affirmed*.