PETER HEIMAN, Appellee, v. AUGUST FELDER, Appellant.

**PLEADING:** Amendments—Amending at Close of Evidence. Principle recognized that amendments may be filed after the evidence has closed.

**PLEADING:** Form and Allegations—Agency—Conclusions—Refusal to Strike—Effect. The pleading of a pure conclusion raises no issue, and prejudicial error follows a refusal to strike, unless made more specific, with consequent admission of testimony thereunder. *Held* that a pleading "*that defendant was acting as the agent of plaintiff*" was a pure conclusion.

**TRIAL:** Verdict—Instructions—Disregard of Instructions. Principle recognized that, right or wrong, instructions become the law of the case, with consequent duty of jury to follow the same.

**PLEADING:** Issue, Proof and Variance—Surplusage—When Proof Necessary. The statute rule that one need not prove all that he has alleged, provided he prove enough to justify legal recovery,

has no application when the court instructs, even erroneously, that the pleader must prove *all* that he alleges.

**PRINCIPAL AND AGENT:** Actions — Pleading — Allegation of
Agency—Sufficiency. Plaintiff does not properly plead *agency* by alleging that defendant (a) falsely represented that he was not in the employ of a third party, (b) concealed the fact that he was to receive a commission from said third party, (c) professed friendship for plaintiff and pretended to be interested in plaintiff's welfare, and (d) thereby induced plaintiff to accept defendant's services.

**PLEADING:** Amendments—Construction. Amendments to pleadings
are, as a general rule, intended to supply something not already existing in the original pleading. It follows that the pleader may quite clearly show by the act of amending that he was not intending to simply amplify that which he had already pleaded.

**PLEADING:** Waiver of Error—Pleading Over. Error in overruling
a motion to strike a pleading unless made more specific, is waived by answering over, and such waiver will be recognized by the court, *even though appellee makes no point thereon. Held,* a stipulation that an answer to a petition should stand as an answer to an amendment to the petition, which stipulation was entered into *after* the overruling of motion that the amendment be stricken unless made more specific, was, in effect, answering over, and worked a waiver of the error in denying the motion.

**APPEAL AND ERROR:** Briefs—Points Raised by Appellee—Points
Raised by Law. Some propositions are so fundamental that the court will, on appeal, raise them and apply them, in order to sustain the judgment appealed from, *even though appellee has wholly overlooked them.* So held as to the propositions:

(a) That answering over after the overruling of a motion for more specific statement waives error in the ruling; and

(b) That the total failure to challenge the sufficiency of the facts pleaded to sustain the recovery sought, precludes raising such question on appeal.

**APPEAL AND ERROR:** Review, Scope of—Failure to Renew De-
murrer After Amendment—Waiver. Rulings on a demurrer to a petition will not be reviewed on appeal, when, subsequent to such rulings, the petition was amended without demurrer thereto as amended.

**APPEAL AND ERROR:** Waiver of Error—Denial of Motion for
Directed Verdict—Waiver. He who moves for a directed verdict and suffers an adverse ruling, and thereupon introduces his

testimony, must then renew his motion, or waiver of the adverse ruling will result, but not the right to insist, on motion for new trial, that the evidence does not sustain the verdict.

**PRINCIPAL AND AGENT:** The Relation—Creation and Existence
11  —Evidence. No distinct formalities need be resorted to in order to create the relation of principal and agent. Such relation may be inferred from evidence that the alleged principal used the services of the alleged agent; that the alleged agent agreed to render such services; that out of such services the transaction in question was consummated.

**APPEAL AND ERROR:** Review—Questions of Fact—Evidence—
12  Sufficiency. The appellate court, in reviewing questions of fact, will not indulge in nice weighing of the preponderance of the evidence, but will content itself with determining whether there has been an extreme departure from proper consideration of the evidence.

**APPEAL AND ERROR:** Grounds of Review—Presentation in Trial
13  Court—Necessity. Failure to challenge in the trial court the sufficiency of the facts pleaded to sustain a recovery in a matter of private right, *precludes the raising of such questions on appeal.*

**APPEAL AND ERROR:** Briefs—Points Raised by Appellee—Points
8, 14  Raised by Law.

*Appeal from Chickasaw District Court.*—W. J. SPRINGER, Judge.

WEDNESDAY, DECEMBER 13, 1916.

PLAINTIFF claims that defendant made certain false representations to him which induced him to buy a tract of land at $97.50 per acre, for which the seller received but $95 an acre, and that defendant fraudulently received the difference between what was paid and received, to wit, the sum of $500. Plaintiff had verdict and judgment for $500, and defendant appeals.—*Affirmed.*

*Smith & O'Connor,* for appellant.

*M. E. Geiser,* for appellee.

SALINGER, J.—I. There was denied a motion to strike an amendment to petition received after the testimony was closed. Speaking to the matters raised by the motion, we have to say that the receiving the pleading

**1. PLEADING: amendments: amending at close of evidence.**

as late as was done is not shown here to be the abuse of discretion for which we may interfere. The concession there was evidence relevant to the amendment justifies us, though same was admitted under objection, in not interfering on the ground of surprise; nor can we hold proper opportunity to meet the amendment was denied. As an alternative, a continuance was asked, and that was denied. We are satisfied that this, too, constitutes no abuse of discretion.

II. The amendment alleges that, in the purchase of the land by plaintiff, "defendant was acting as the agent of plaintiff in the purchase of said real estate for plaintiff," and that, by means of fraudulent representa-

**2. PLEADING: form and allegations: agency: conclusions: refusal to strike: effect.**

tions pleaded in the original petition, plaintiff was induced to "employ defendant as his agent to purchase said land for plaintiff."

As an alternative to the motion to strike, and in the form of a motion for more specific statement, defendant asserted this was the statement of a naked legal conclusion, and asked that plaintiff "be required to state the ultimate facts from which he claims said agency arose, instead of the legal conclusion that defendant 'was acting as the agent of the plaintiff.'" Under Instruction 3, as applied by Instruction 5,

**3. TRIAL: verdict: instructions: disregard of instructions.**

plaintiff could not recover without proving such agency. Defendant has accepted this theory of trial. Plaintiff has not appealed, does not complain of these instructions, and adds, affirmatively, that, while defendant asked such instructions and they were refused, he may not complain, because so much of the refused instruction as is "a correct exposition of the law" was "in substance embodied in instructions given by the trial

court''—another way of saying that Instructions 3 and 5 given state the law correctly. We need not at this point inquire whether, as substantive law, plaintiff should have been denied a recovery unless he established such agency. Right or wrong, it became the law of the case, and a rule which the jury was bound to follow, and a new trial would have been due if the instructions, right or wrong, had not been followed. *Crane v. Chicago & N. W. R. Co.*, 74 Iowa 330; *Nichols v. Chicago, R. I. & P. R. Co.*, 69 Iowa 154; *State v. Moore*, 81 Iowa 578; *Bowman v. Brown*, 52 Iowa 437; *Musser v. Maynard*, 59 Iowa 11. In *Seevers v. Cleveland Coal Co.*, 158 Iowa 574, at 587, we say:

"We do not now see why this instruction was given; but, right or wrong, it was the duty of the jury to follow it, and, had it done so, plaintiff would not have been entitled to the verdict.''

The statute rule, permitting recovery though less be proved than is pleaded, if enough be proved to sustain a recovery, is immaterial here, because: (1) The complaint here is that less than enough to make a case was properly pleaded; (2) though plaintiff may have been entitled to a verdict without proving the agency, yet the jury were bound to require such evidence. If a wrong rule *must* be followed, it is no answer that the rule is wrong. To say such proof is not necessary, when the jury could not give a verdict without such proof, is but a different form of denying that the instructions became the law of the case whether they were right or wrong. And the appellate rule that one may not complain of an error which gave him more than he was entitled to, is not applicable. Appellant was entitled to have a trial according with the law of the case. His complaint is that, though the law of the case makes a fact vital, the jury was allowed to find that fact without proper plea. The trial court was of opinion that the amendment assailed was a mere amplifica-

4. PLEADING: issue, proof and variance: surplusage: when proof necessary.

tion or conclusion, resting upon matters properly pleaded in
the second count of the original petition.  If
this be so, it is probable that any error in re-
fusing to have the conclusion amplified with
the basic facts upon which it rests was harm-

5. PRINCIPAL AND AGENT: actions: pleading: allegation of agency: sufficiency.

less error.  But we incline to the opinion that the second
count hardly furnishes a basis for the claimed conclusion
stated in the amendment.  In essence, the petition alleges
defendant falsely represented the seller was not to pay him a
commission; that defendant took an interest in the proposed
purchase through friendship, was working for the interest of
plaintiff; and· that, through such false professions, plaintiff
was induced to accept whatever the services of defendant
were or were to be, and defendant got a commission from the
seller.  One may tell a falsehood as to who is his employer,
conceal the employer is paying him, profess friendship for
one who may buy of the employer, profess falsely he is
working for the interest of the possible buyer, the purchase
may be made, and yet the professed friend may in strictness
not be the agent of the buyer, as matter of law.  We say, in
*Witham v. Blood,* 124 Iowa 695, at 698–9:

"But even under a code .· . . nothing will be assumed
in favor of the pleader which has not been averred, or may
not, upon a liberal and fair interpretation, be implied from
his averments."

We have gone so far as to hold a paragraph of a pleading
should contain something more than a mere conclusion of
law, based upon a statement of facts contained in some other
paragraph.  *Cooper v. French,* 52 Iowa 531.
But in view of the entire situation, we
need not base our decision upon the view

6. PLEADING: amendments: construction.

that the original petition does not avoid any error in
refusing to strike the amendment.  In view of the analysis
of the petition just made, and the further fact that plaintiff,
by filing the amendment, conceded he was pleading what
had not been before pleaded, it was at least fairly doubtful

whether the form of allegation in the amendment should stand. We may assume we would have resolved this doubt in favor of the ruling below, had defendant made no attempt to make it clear what the amendment was intended to allege. In effect, he moved to strike said alleged conclusion unless, in response to his motion for more specific statement, it should be made to appear that conclusion was sufficiently based, which, if done, would incidentally have tended to settle also whether what was stated by way of legal conclusion was a mere amplification of what had before been pleaded. It seems to us the motion should have been sustained if the allegation moved against *was* a pure conclusion. The pleader must state facts, as distinguished from evidence of facts or legal conclusions. *Lumbert v. Palmer,* 29 Iowa 104; *Pfiffner v. Krapfel,* 28 Iowa 27. If conclusions only are stated, a motion for more specific statement may be sustained, and the pleader may be required to set out the facts on which he relies, without setting out the evidence to sustain them. *Lane v. B. & S. W. R. Co.,* 52 Iowa 18. Such motion is the only method of dealing with such conclusions. *Kendig v. Marble,* 55 Iowa 386. While *Robinson v. Berkey,* 100 Iowa 136, at 144, does say pleadings need not be so framed as that the words used would not be objectionable if used in a question to a witness, the statement is, in terms, declared to be mere argument for the proposition that the "evidence" should not be pleaded. It does not pretend to overrule the statute by permitting legal conclusions in pleading to be a substitute for "facts." It is true we held in *Riley v. Interstate Bus. Men's Acc. Assn.,* 177 Iowa 449, that for testing what is admitted by demurrer, matters which might in strictness be termed a conclusion, were to be treated as admissions of fact. But that, of course, does not preclude the right to have pure conclusions of law stricken on motion directly attacking same for being conclusions. If the allegation was a pure conclusion, the motion was well made. We are persuaded the allegation was just that.

We have seen that, while one should not plead evidence, and therefore should not plead evidence which is unobjectionable in form, this does not make what was a pure conclusion, when asked of a witness, the less a mere conclusion because put into a pleading. It is uniformly held just such words as were used in this amendment are prohibited in testimony. 17 Cyc. 219 F; *Southern H. B. & L. Assn. v. Winans* (Tex.), 60 S. W. 825; *Arnold v. Johnson* (Tex.), 128 S. W. 1186; *Baxter v. Rollins*, 99 Iowa 226; *Jackson v. Todd*, 56 Ind. 406, at 410; *Farrell v. United States* (C. C. A.), 110 Fed. 942; *Maurer v. Midmay* (Neb.), 41 N. W. 395; *Short Mountain Coal Co. v. Hardy*, 114 Mass. 197; *Young v. Newark Fire Ins. Co.* (Conn.), 22 Atl. 32; *State v. Huff* (Mo.), 61 S. W. 900, at 903. We have said a general averment of priority of one mortgage over another is the mere assertion of a legal conclusion, and, under such an allegation, actual notice may not be proved. *Koon v. Tramel*, 71 Iowa 132. It follows that, if this amendment was rightly attacked, that pleading gave plaintiff no right to prove what was vital to his recovering. Since the motion which was made is the only proper procedure against a pleading which states a naked conclusion, and since the effect of the overruling the motion was to allow material proof without a proper plea, it follows that, unless there be some avoidance, we must reverse, unless the making of a good motion for more specific statement is to be hereafter treated as an idle formality.

### 2-a.

We are, however, constrained to find that the error committed here has been waived. After the motion had been denied, it was stipulated "that the answer heretofore filed shall apply to all the amendments to substi-

7. PLEADING: waiver of error: pleading over.

tuted and amended petition on file." This is the equivalent of having answered the amendment after the motion to make it more specific had been overruled. Any error in overruling that motion is waived by

answering. *Coakley v. McCarty,* 34 Iowa 105; *Kline v. K̆. C., St. J. & C. B. R. Co.,* 50 Iowa 656. It is true

**8. APPEAL AND ER-ROR: briefs: points raised by appellee: points raised by law.** that the appellee nowhere mentions this waiver, and that no point is made upon it. But the law makes it for him. In other words, because of having answered, appellant presents an error which is not reversible error.

III. Defendant assigns error on the overruling of his demurrer to the original petition. We may not review this ruling. The petition was amended after such ruling. The

**9. APPEAL AND ER-ROR: review, scope of: failure to renew demurrer after amendment: waiver.** pleading as amended has not been attacked, except by the motion to strike, and for more specific statement. We have said we cannot interfere with the overruling of the first, and that error in overruling the last has been waived by answering over. The result is that, at present, plaintiff has a petition to which no demurrer has been interposed. Since the sufficiency of that petition is not challenged, it would be moot to inquire whether the petition as it stood before it assumed its present form, is demurrable.

IV. Appellant challenged the overruling of his motion to direct verdict. The motion was made at the close of the testimony for the plaintiff, and was not renewed at the close

**10. APPEAL AND ERROR: waiver of error: denial of motion for directed verdict: waiver.** of all the evidence. We have many times held that, in these circumstances, the overruling of a motion to direct cannot be reviewed.

V. But we have also held this does not preclude raising, on motion for new trial, whether the verdict is sustained by the evidence. See *State v. Asbury,* 172 Iowa 606, and *Hansen v. Hough,* 177 Iowa 93, 101. The motion for new trial does raise whether the verdict is sustained by sufficient evidence. Under the record as it stands, this includes the question whether there is insufficient evidence to prove that defendant was acting as the agent of plaintiff; that is to say, on the appeal for defendant, we cannot inquire whether proof of such agency is necessary, as matter of sub-

stantive law, because it is the law of the case that such proof is essential to a recovery for plaintiff. Therefore, we must order new trial if the presumed finding that there was such agency is not sufficiently sustained by the evidence.

VI.   We have said the second count of the original petition was not in strictness an allegation that defendant was the agent of plaintiff. Of course, with the amendment added, there is an allegation of agency in strictness.

11. PRINCIPAL AND AGENT: the relation: creation and existence: evidence.

We have also said, unless the jury had some evidence that the agency existed, the law of the case would oblige us to set the verdict aside. But, while there has been estoppel to assert that proof for these allegations is nonessential, nothing has occurred that affects what will constitute substantial evidence of agency. That is to be measured under general rules of the law of agency. Within the reasonable limits of an opinion, we cannot undertake to set forth a detailed analysis of the testimony on this head. It must suffice to say that, if we are to hold the verdict is insufficiently supported, it must be done by ignoring that one may be an agent of one, though the agent at the same time of another; that mutual agency, while it calls for a higher degree of good faith and candor, does not destroy the possibility of mutual agency. Or else we must hold that no man is an agent unless certain distinct formalities of employment are observed and defini-

12. APPEAL AND ERROR: review: questions of fact: evidence: sufficiency.

tion of power is made. We find an abundance of testimony,—in fact there is no substantial dispute about it,—that this plaintiff did use the services of this defendant as a helper in accomplishing a purchase; that defendant consented to serve; and that the purchase resulted. Though the law of the case compels us to demand proof of agency, a patient examination of this record, including a long amendment to abstract, fails to warrant our finding the jury acted from mere passion and prejudice in their presumed finding there was an agency. It must be remembered we are not the jury, nor nicely weigh-

ing preponderances, but are passing merely upon whether there was an extreme departure from proper consideration of the evidence.

Now, while it is settled for this case that defendant is not liable unless there is proof to sustain the agency pleaded, it is not settled that he may not go hence free, though there be evidence of the agency, and the appellant contends that, even if the agency be established, it is settled by our decisions that he is, as matter of law, not liable; to put it in other words, that if everything pleaded be granted, there still is

13. APPEAL AND ERROR: grounds of review: presentation in trial court: necessity.

no liability in law. We may assume he has much support for this position. It may be conceded further that the counterposition has little support, except in the following cases in the Supreme Court of Michigan, and others approved by that court, to wit: *Hokanson v. Oatman* (Mich.), 131 N. W. 111; *Stoney Creek Woolen Co. v. Smalley,* 111 Mich. 321; *McDonald v. Smith,* 139 Mich. 211; *Van Epps v. Harrison,* 5 Hill (N. Y.) 63 (40 Am. Dec. 314); *Fairchild v. McMahon,* 139 N. Y. 290 (34 N. E. 779). But does that accomplish what appellant seeks from it? Here is a petition which predicates liability upon what is therein set forth. There is some evidence to sustain it. We have made plain the appellant has never challenged the sufficiency of the facts pleaded in that petition to sustain the recovery sought upon them. He cannot say the amendment works no change from the earlier petition to which he did demur, because: (1) While moving to strike, he did not move upon the ground that the amendment added nothing to the pleading amended and was, at most, but a repetition thereof; (2) he made no attack after the petition as amended was finally made part of the record; (3) he tells us affirmatively the amendment did work a new and substantial claim, and complains because he was not granted a continuance to meet it. It seems to us we have here the ordinary case, of claiming for the first time on appeal, that a petition fails to state facts which will in law base

the recovery obtained. Since the passage of the so-called Blanchard Act, such claim has frequently been held untenable, in the case of insufficient petitions against which neither demurrer nor motion in arrest of judgment was interposed. See *Lacy v. Kossuth County*, 106 Iowa 16, at 22; *Boyd & Williams v. Watson & Co.*, 101 Iowa 214, at 222; *Enix v. Iowa Cent. R. Co.*, 114 Iowa 508, at 510. The principle has full consideration in *Ormsby v. Graham*, 123 Iowa 202, at 211. That case not only sustains us here, but would if the pleading were defensive matter. The suit was in equity for the specific performance of an alleged contract for the sale of land. There had been judgment below for the defendants. In a distinct division of their answer, and as a full defense to plaintiff's claim for relief, defendants alleged that, at the date of the contract, two of them were and still are married men, heads of families, residing upon said lands and having homestead rights therein, and that their wives did not unite in such contract nor consent thereto, nor had either of them ever authorized or ratified the same. Such is not, and was not then, a good defense. See *Townsend v. Blanchard*, 117 Iowa 36. As to this situation, we said:

"The defense thus pleaded was not attacked by motion or demurrer, nor was the effect thereof sought to be avoided by reply. The allegations of this answer were established by the evidence, without material dispute. It is a rule often approved by this court that, if matter pleaded as a defense is not assailed by motion or demurrer, it will, if proved, defeat the plaintiff's action, although, had the question been raised, the answer would have been held to present no defense. Nor does the statute which provides that no pleading shall be held sufficient on account of failure to demur thereto obviate the necessity of properly raising an objection in the trial court." *Ormsby v. Graham*, 123 Iowa, at 211.

This could be easily carried, logically perhaps, to absurd results, but that is always possible. We do not mean to say that, if a suit were brought for services in committing a

murder, there must be a recovery because the petition was not challenged. In such case, the vitals of the true principle would be absent. The true application is to permit the litigants over matters of private right to say for themselves what the dispute is, and that certain proof will warrant a recovery. In the imagined case, the court would have a duty to act *sua sponte;* because, while the parties may stipulate as to private rights, they cannot stipulate as to public rights, nor may they stipulate against public policy. Appellant is in no position to test whether the matters pleaded are sufficient in law.

This, like the waiver of the motion by answering after the overruling of the motion, is a point which the law makes for saving the judgment appealed from. The law creates an estoppel to urge that no case was made on paper.

14. APPEAL AND ERROR: briefs: points raised by appellee: points raised by law.

We think other complaints made are not well founded, and are, for the most part, made immaterial by the conclusions we have announced, and that the judgment must be affirmed.—*Affirmed.*

EVANS, C. J., LADD and GAYNOR, JJ., concur.