CITY OF OSKALOOSA, Appellee, v. JOSEPH BOYD, Appellant.

PLEADING:    Estoppel—Unassailed Plea—Point Raised Sua Sponte.
Proof of the plea that there had been a full settlement of all
matters involved in a cross-petition which was in no way chal-
lenged in the trial court, made a defense, even though, on chal-
lenge, such plea would have been held insufficient; and the Su-
preme Court will, on its own motion, raise the point that the
fact that the plea is insufficient presents no reversible error.

*Appeal from Mahaska District Court.*—JOHN F. TALBOTT,
Judge.

APRIL 11, 1919.

THE plaintiff, city of Oskaloosa, brought a suit in eq-
uity, demanding the reformation of a certain agreement of
settlement that had been entered into between the parties.
Its petition was dismissed, and it does not appeal. The de-
fendant filed a cross-bill, asserting, in effect, that the city
had injured him by maintaining a described nuisance, and
he prayed that an injunction issue to restrain the further
continuance of the alleged nuisance. Issue was joined on
this cross-petition. It, too, was dismissed. Each party was
adjudged to pay half the costs.—*Affirmed.*

*C. C. Orvis,* for appellant.

*McCoy & McCoy,* for appellee.

SALINGER, J.—I. The brief for appellant begins with
the caption "Statement of the case." This is followed by
some four pages of print. Then comes the caption, "Brief."
This brief cites a very large number of cases, and fills some
nine pages of print, without subdivision of any sort. It
seems to deal wholly with the law of injunction, as applied
to restraining nuisances. No "Errors relied on for rever-
sal" are set out. The one thing that is outstandingly clear

as to the presentation on part of appellant is that it wholly ignores one issue tendered by appellee. As said, the cross-bill complains of a described nuisance, and demands that its further continuance be restrained. The city answered with a general denial, and alleged affirmatively that the parties had made a settlement in full as to all the matters asserted by the cross-bill. By reference, Exhibit A, attached to the original petition of the city, is made a part of its answer to the cross-bill. This exhibit, purports to evidence a settlement between the parties. The appellant is not alone in ignoring this issue of settlement, or accord and satisfaction. Appellee, too, makes no reference to the settlement which it had pleaded. Now, the decree dismisses the cross-petition on the merits, and stops at that. It is self-evident that such dismissal may rest upon finding said claim of settlement to be established. In analogy to the appellate rule dealing with sustained objections, it is immaterial what argument the appellee makes in support of the decree. If there be any good reason why the decree should be affirmed, there can never be a reversal merely because the appellee makes no argument in support of the decree, or makes a poor one.

Now, the city pleaded there had been a full settlement of all matters involved in the cross-petition, and in support, made reference to a described stipulation, attached to its original petition. Assume, for the sake of argument, that said stipulation did not work the settlement asserted. If so, this plea constituted no defense. But defendant in no way and at no time challenged the sufficiency of the plea, or as much as made claim that said stipulation did not effect what the city claimed for it. It would seem that no such claim is made even now. It is settled in this court that, if the plea be not challenged below, proving the plea, as made, makes a cause of action or defense, respectively, even though, on challenge, such plea could be held to be insufficient. This

we have decided so often that we pretermit citation. **True,** appellee has said nothing about the failure to attack the pleading. But we have held that, to save the judgment, we will raise such a point on our own motion; that, when the decree rests on proof of an unchallenged plea, the fact that the plea is insufficient presents no reversible error. See *Heiman v. Felder,* 178 Iowa 740.

II.   Both parties make some claim that there is an estoppel by former adjudication. We are in some doubt whether the claim of either is tenable. But our holding that the plea of settlement is established ends the case for the appellant. Therefore, we do not determine whether said claims are or are not tenable. In view of this conclusion, it is unnecessary to determine whether defendant has proved the allegations of his cross-petition. We have, however, given this last question some consideration, and feel satisfied that, on reasonable allowance for the advantage possessed by the trial court in determining this question of fact, we would not be justified in reversing on the ground that defendant had so proved the nuisance charged by him as that the decree appealed from is contrary to the weight of the evidence. The decree will stand—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.